[No. 24976-2-I.   Division One.   October 29, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD LEE FORHAN, *Appellant.*

*Andrew P. Zinner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *John L. Belatti, Deputy,* for respondent.

FORREST, J.—Donald L. Forhan appeals from a court order denying his motion to strike a hearing, affirming a prior restitution payment schedule, and extending jurisdiction over him to age 21. We affirm.

Forhan pleaded guilty to first degree criminal trespass on October 20, 1987, while still a juvenile. He was sentenced to 3 months' community supervision, 16 hours of community service and was ordered to pay $500 restitution. An order modifying disposition was filed on May 31, 1988. Forhan had turned 18 on May 19, 1988. He admitted he had failed to comply with the restitution order and agreed to begin paying $10 per month. A notice of modification of court order was filed October 24, 1988, informing Forhan that a modification hearing was scheduled for November 10, 1988. He failed to appear and a warrant was issued. Forhan appeared on August 29, 1989. He had turned 19. Cash bail of $130 was ordered to be applied to restitution.

A second modification hearing was conducted on October 3, 1989. Defense counsel argued that the juvenile court could not collect restitution from Forhan because he had turned 18 after the disposition, in which he had been ordered to pay the restitution, and because jurisdiction had not been extended. The court extended jurisdiction over Forhan to age 21, denied defense counsel's motion to strike the hearing, reaffirmed the prior restitution payment schedule, and bail of $130 was ordered held pending appeal.

Forhan argues that the juvenile court had lost jurisdiction over him because he was over 18 years of age when he appeared for modification of disposition on October 3, 1989, and there had been no prior order extending jurisdiction.[1] The issue is controlled by RCW 13.40.300(1)(c) which provides in part:

> (1) In no case may a juvenile offender be committed by the juvenile court to the department of social and health services for placement in a juvenile correctional institution beyond the juvenile offender's twenty–first birthday. A juvenile may be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the juvenile's eighteenth birthday only if prior to the juvenile's eighteenth birthday:
>  . . . .

---

[1] See State v. Calderon, 102 Wn.2d 348, 352, 684 P.2d 1293 (1984).

(c) *Disposition has been held and an automatic extension is necessary to allow for the execution and enforcement of the court's order of disposition.* If an order of disposition imposes commitment to the department, then jurisdiction is automatically extended to include a period of up to twelve months of parole, in no case extending beyond the offender's twenty–first birthday.

(Italics ours.)

Forhan falls squarely within the first sentence of subsection (1)(c) in that his disposition hearing was held prior to his 18th birthday and an automatic extension is necessary to allow for enforcement of the restitution portion of the court's disposition order. Nonetheless, Forhan relies for support on the following language from *State v. Curwood,* 50 Wn. App. 228, 232, 748 P.2d 237 (1987): "Jurisdiction is therefore automatically extended under subsection (1)(c) only where the disposition occurs before the juvenile offender turns 18 and the sentence imposed includes a period of confinement beyond the offender's 18th birthday."

In *Curwood,* however, the juvenile had turned 18 before the disposition hearing but jurisdiction had been extended by order. The court therefore held that subsection (1)(c) did not apply but that the Department retained authority to enforce the disposition order although the extension expired before the commitment was fully served.[2] Since the statement quoted from *Curwood* was unnecessary to its decision and was made after the court determined that subsection (1)(c) did not apply, it is dicta and does not constitute a rule which subsequent courts are bound to follow.[3] The *Curwood* court apparently failed to note that

---

[2]*Curwood,* at 232–34; *see also In re Hoffer,* 34 Wn. App. 82, 84, 659 P.2d 1124 (1983) (affirming the trial court's holding that it had authority pursuant to RCW 13.40.300(1)(c) if a hearing was conducted prior to the juvenile's 18th birthday to extend its jurisdiction to enforce a restitution order until the defendant's 21st birthday).

[3]*State ex rel. Johnson v. Funkhouser,* 52 Wn.2d 370, 374, 325 P.2d 297 (1958); *State ex rel. Lemon v. Langlie,* 45 Wn.2d 82, 89, 273 P.2d 464 (1954).

the first sentence of RCW 13.40.300(1)(c) provides automatic extension when necessary for the execution of the disposition order, while the second sentence applies when the disposition imposes commitment.

Indeed, *Curwood* supports our holding since the court interpreted the Juvenile Justice Act of 1977 broadly to effectuate the legislative purpose of making offenders accountable past their 18th birthday for their juvenile offenses.[4] Here, no interpretation of the statute is necessary because the plain language of RCW 13.40.300(1)(c) specifically provides an automatic extension when disposition is imposed prior to the juvenile's 18th birthday and is necessary to allow for the execution and enforcement of the court's order of disposition.

Affirmed.

SCHOLFIELD and PEKELIS, JJ., concur.

---

[4] *Curwood*, at 232; *In re Smiley*, 96 Wn.2d 950, 954, 640 P.2d 7 (1982).