[No. 15931-1-III. Division Three. December 18, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL LOUIS HARTKE, *Appellant*.

144

*Jeffrey C. Barker* of *Barker & Howard*, for appellant.

*Gary A. Riesen, Prosecuting Attorney*, and *Roy S. Fore, Deputy*, for respondent.

SWEENEY, C.J. — The question here is whether extending juvenile jurisdiction retroactively to collect restitution violates the ex post facto prohibition of the federal and state constitutions. U.S. Const. art. I, § 9; Const. art. I, § 23. Juvenile restitution is imposed for the primary purposes of compensating victims, juvenile accountability, and juvenile rehabilitation. *State v. Sanchez*, 73 Wn. App. 486, 489, 869 P.2d 1133 (1994). Because restitution is not punishment, we conclude there has been no violation of the

ex post facto clause. We also conclude that the failure of the court to extend juvenile jurisdiction over Daniel L. Hartke's brother, and cohort in this criminal enterprise, does not result in the denial of equal protection of law. U.S. Const. amend. XIV; Const. art. I, § 12. We therefore affirm the trial court's order extending jurisdiction.

## FACTS

Daniel Hartke, a juvenile, pleaded guilty to five counts of second degree burglary, one count of first degree theft, and one count of third degree malicious mischief for criminal acts committed at a residence, the Chelan Library, Chelan High School, and Chelan Golf Course. On October 20, 1988, the court entered a disposition order. On January 19, 1989, the court ordered Daniel to pay restitution and held him jointly and severally liable with three others including his brother Eric Hartke. To collect restitution, the juvenile court extended jurisdiction to February 13, 1997, the date Daniel turned 21 years old.

The Legislature amended the juvenile restitution statute effective June 13, 1994. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 528; RCW 13.40.190. The revised statute did two things. It set the time for payment of restitution at a maximum of 10 years. And it permitted the court to extend juvenile jurisdiction for up to 10 years after age 18. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 528; RCW 13.40.190. On July 25, 1996, the court extended jurisdiction over Daniel for payment of restitution until October 20, 1998—10 years from the date of the disposition order. This effectively lengthened the time to collect restitution by 20 months—from February 13, 1997 (the date Daniel turned 21) to October 20, 1998.

Jurisdiction over Eric expired on September 20, 1994. Although the amendment to RCW 13.40.190 became effective before Eric turned 21, the State did not move to extend jurisdiction over him. Eric paid about $1,713 of the $6,895.15

total damages before jurisdiction lapsed. Daniel appeals the court's order extending jurisdiction.

## DISCUSSION

■ ■ We presume a statute is constitutional. *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994). The party challenging a statute must prove beyond a reasonable doubt that it is unconstitutional. *Id.* " ' "[W]herever possible, it is the duty of this court to construe a statute so as to uphold its constitutionality." ' " *State v. Furman*, 122 Wn.2d 440, 458, 858 P.2d 1092 (1993) (quoting *World Wide Video, Inc. v. City of Tukwila*, 117 Wn.2d 382, 392, 816 P.2d 18 (1991), *cert. denied*, 503 U.S. 986, 112 S. Ct. 1672, 118 L. Ed. 2d 391 (1992)). Daniel makes two challenges. First, he says the statute imposes an ex post facto punishment. Second, he claims he was denied equal protection because the court extended jurisdiction over him but not Eric.

Ex Post Facto. "The ex post facto clauses of the federal and state constitutions forbid the State from enacting any law which imposes punishment for an act which was not punishable when committed or increases the quantum of punishment annexed to the crime when it was committed." *Ward*, 123 Wn.2d at 496; U.S. Const. art. I, § 10; Const. art. I, § 23. A law violates the ex post facto clause if it (1) is substantive, as opposed to merely procedural; (2) is retroactive; and (3) disadvantages the person affected by it. *Ward*, 123 Wn.2d at 498 (citing *Weaver v. Graham*, 450 U.S. 24, 29, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981); *Collins v. Youngblood*, 497 U.S. 37, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990)).

A law is "disadvantageous" when it alters the standard of punishment that existed under prior law. *Ward*, 123 Wn.2d at 498. We must determine whether the new law permits the imposition of a more severe punishment than was allowed when the crime was committed. *State v. Edwards*, 104 Wn.2d 63, 70-71, 701 P.2d 508 (1985).

Daniel contends the amendment to RCW 13.40.190 changed his punishment by inflicting a greater punishment

than originally resulted from his crimes. When Daniel committed the crimes, he was subject to the jurisdiction of the juvenile court only up to the age of 21. Former RCW 13.40.190; former RCW 13.40.300; *In re Welfare of Hoffer*, 34 Wn. App. 82, 659 P.2d 1124 (1983). By extending jurisdiction retroactively, Daniel argues his punishment has been increased because he is subject to a jail term, if he cannot pay, for a longer period.

 ██ The ex post facto prohibition applies only if restitution is punishment. *In re Personal Restraint of Young*, 122 Wn.2d 1, 18, 857 P.2d 989 (1993). Daniel's argument assumes it is. He is mistaken. "A statute is penal in nature when a violation of its provisions can be punished by imprisonment and/or a fine." *State v. Eilts*, 94 Wn.2d 489, 494 n.3, 617 P.2d 993 (1980) (citing *State v. Hart*, 136 Wash. 278, 283, 239 P. 834 (1925)). "Conversely, a statute is remedial when it provides for the remission of penalties and affords a remedy for the enforcement of rights and the redress of injuries." *Eilts*, 94 Wn.2d at 494 n.3 (citing *Haddenham v. State*, 87 Wn.2d 145, 148, 550 P.2d 9 (1976)).

 Restitution is the "financial reimbursement by the offender to the victim . . . ." RCW 113.40.020(17)(now RCW 13.40.020(22)). The purpose of juvenile restitution is to compensate the victim and impose accountability on the juvenile. RCW 13.40.010; *State v. Rice*, 98 Wn.2d 384, 391-94, 655 P.2d 1145 (1982); *Sanchez*, 73 Wn. App. at 489; *State v. Bennett*, 63 Wn. App. 530, 533, 821 P.2d 499 (1991). "Restitution primarily serves the goal of rehabilitation." *Bennett*, 63 Wn. App. at 533.

Because restitution is not punitive, the ex post facto doctrine is not implicated. The fact that a sanction, including imprisonment, might later be imposed for willfully violating a restitution order does not change the remedial nature of the restitution. *See In re Marriage of Haugh*, 58 Wn. App. 1, 5-6, 790 P.2d 1266 (1990) (imprisonment as contempt sanction for willful violation of court order was civil and not penal in nature).

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

KURTZ and KATO, JJ., concur.