[No. 41527-1-I. Division One. September 14, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. CARLO D. BENNETT, *Appellant*.

---

*Kelly V. Curtin* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Kristin E. Sweeney, Deputy*, for respondent.

PER CURIAM — Carlo Bennett was 16 years old when he pleaded guilty to taking a motor vehicle without permission. Four years later, the State alleged Bennett failed to pay restitution and sought modification of the disposition order. The juvenile court modified the disposition and, over Bennett's objection, extended its jurisdiction beyond his 21st birthday. The court's retroactive application of 1994 amendments authorizing such an extension was consistent with the rehabilitative goals of the juvenile system and did not violate Bennett's right to due process. We affirm.

## FACTS

The following is a summary of the chronology of relevant events:

•8/3/93 Disposition ordering restitution of $3,046.90

•7/23/97 Notice of modification for failure to pay

•8/6/97 Hearing re extension of jurisdiction set for 8/12/97; probation monitor adds language extending jurisdiction to age 28 without Bennett's knowledge or agreement and obtains court's stamped signature ex parte[1]

•9/13/97 Bennett turns 21

•9/23/97 Jurisdiction extended until June 13, 2003

The relevant issue before the trial court was whether applicable 1994 amendments to the juvenile code could be applied retroactively. Those changes authorized a juvenile court to extend jurisdiction, for the purpose of enforcing restitution only, for up to 10 years after disposition and not later than an offender's 28th birthday.[2] Bennett contended restitution was punitive rather than remedial, thus prohibiting retroactive application. He also maintained retroactive application would violate due process.

The court concluded the statutes were remedial rather than punitive, applied them to Bennett, and extended jurisdiction until June 13, 2003.[3]

## DECISION

This case presents the question whether the 1994 amendments may be retroactively applied. Division Three recently approved retroactive application of the same amendments, finding that one purpose of juvenile restitution is to com-

---

[1]The court later nullified this order. Because it is not relevant to our analysis, the order and its possible effect will not be further discussed.

[2]RCW 13.40.190(1), .300(3).

[3]The court chose this date based on its mistaken belief that the disposition order was entered June 13, 1993. The actual date of disposition was August 3, 1993.

pensate the victim. *State v. Hartke*.[4] But in *State v. Moen*, the court found restitution in the adult scheme was not primarily meant to compensate victims.[5] Bennett's case provides an opportunity to expand on *Hartke* and the differences between the juvenile and adult sentencing schemes.

### Remedial nature of extending juvenile jurisdiction

 Unlike the Sentencing Reform Act of 1981 (SRA), one of the enumerated aims of the Juvenile Justice Act of 1977 (JJA) is to provide for restitution to crime victims.[6] We have.thus held that the purposes of juvenile restitution are victim compensation and offender accountability.[7] For these reasons, the JJA is liberally construed in favor of imposing restitution.[8] More generally, the "critical distinction" between the adult and juvenile schemes lies in the JJA's policy of responding to the needs of offenders.[9] This rehabilitative feature is in contrast to the punitive rationale of the SRA.[10]

 These differences indicate that, in contrast to the *Moen* court's construction of the adult scheme, compensation to the victim remains a component of juvenile punishment. This remedial feature of juvenile restitution favors retroactive application of the amendments and jurisdictional extension here.[11]

---

[4]*State v. Hartke*, 89 Wn. App. 143, 146-47, 948 P.2d 402 (1997).

[5]129 Wn.2d 535, 542-43, 919 P.2d 69 (1996).

[6]RCW 13.40.010(2)(h); *State v. Rice*, 98 Wn.2d 384, 392, 655 P.2d 1145 (1982)(different purposes of juvenile and adult systems illustrated by comparing statements of legislative purpose in SRA with those in JJA).

[7]*State v. Bennett*, 63 Wn. App. 530, 533, 821 P.2d 499 (1991).

[8]*State v. Sanchez*, 73 Wn. App. 486, 489, 869 P.2d 1133 (1994).

[9]*Monroe v. Soliz*, 132 Wn.2d 414, 419-20, 939 P.2d 205 (1997) (holding statute permitting administrative transfer of an incarcerated juvenile to an adult facility does not trigger requirement of jury trials in juvenile system).

[10]*Monroe*, 132 Wn.2d at 420.

[11]*State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997), *cert. denied*, 522 U.S. 1027, 118 S. Ct. 624, 139 L. Ed. 2d 605 (1997) (statute is presumed to

Bennett does not dispute that juvenile restitution is remedial. But he contends that "extending jurisdiction may provide the opportunity for the court to impose that remedy, [but] jurisdiction itself is not a remedy."

This argument is contrary to legislative intent. The Legislature amended the juvenile restitution statute, RCW 13.40.190, and the jurisdiction provision, RCW 13.40.300, in the same legislative package. The amendment to the latter extended juvenile court jurisdiction beyond an offender's 21st birthday *only* to enforce a restitution order.[12] Moreover, providing the juvenile court with authority to enforce a restitution order until an offender turns 28 is a useless gesture without also allowing the court to extend its jurisdiction beyond age 21. We thus reject Bennett's distinction between the amendments to the restitution and jurisdiction statutes.

Violation of due process

■ Bennett also argues retroactive application of the amendments violates his right to due process because he had a reasonable expectation that the trial court's authority over him would terminate when he turned 21. Retroactive application of a statute violates due process if it deprives an individual of a vested right.[13] To establish a deprivation, the defendant must show he changed his position in reliance on the old law or that retroactive application defeats a reasonable expectation.[14]

■ In making his claim, Bennett asserts that *State v. Forhan*[15] is not controlling. In *Forhan*, we held RCW 13.40.300(1)(c)[16] provides for automatic extension of jurisdiction when necessary to enforce a disposition order. The

apply prospectively unless remedial or unless Legislature provides for retroactive application).

[12]LAWS OF 1994, ch. 7, § 530(3).

[13]*State v. Hennings*, 129 Wn.2d 512, 528, 919 P.2d 580 (1996).

[14]*Hennings*, 129 Wn.2d at 528-29.

[15]59 Wn. App. 486, 798 P.2d 1178 (1990).

[16]The statute provides:

same rationale applies here. When we decided *Forhan*, the law permitted extension only to age 21.[17] The 1994 amendment extended jurisdiction beyond age 21 for the purpose of enforcing restitution orders.[18]

Under the amended statute, the relevant date is no longer the offender's 21st birthday, but rather either the offender's 28th birthday or the 10-year anniversary of the disposition.[19] As a result, a court's jurisdiction is now automatically extended to correspond to those new jurisdictional limits. A different application would be inconsistent with both *Forhan* and legislative intent. As we observed in *Forhan*, this interpretation fosters the purpose of making juvenile offenders accountable for their crimes beyond their 18th birthdays.[20]

Therefore, Bennett had no vested right to a jurisdictional cutoff when he turned 21 because the court extended its authority for restitution purposes only. Retroactive application of the amendments does not offend his due process right.[21]

---

(1) In no case may a juvenile offender be committed by the juvenile court to the department of social and health services for placement in a juvenile correctional institution beyond the juvenile offender's twenty-first birthday. A juvenile may be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the juvenile's eighteenth birthday only if prior to the juvenile's eighteenth birthday:

. . .

(c) Disposition has been held and an automatic extension is necessary to allow for the execution and enforcement of the court's order of disposition
. . . .

[17]Former RCW 13.40.300(3).

[18]RCW 13.40.300(3) provides that "[i]n no event may the juvenile court have authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's twenty-first birthday *except for the purpose of enforcing an order of restitution.*" (Emphasis ours).

[19]RCW 13.40.190(1).

[20]*Forhan*, 59 Wn. App. at 490.

[21]This result is consistent with *Hennings*, where the court held the defendant had no vested right to the former 60-day deadline for imposing restitution under the SRA. 129 Wn.2d at 528-29.

## CONCLUSION

Contrary to the punitive aims of the SRA, the JJA is designed to foster rehabilitation as well as accountability of offenders. Compensation to the victim is thus served by imposing restitution as part of a juvenile's disposition. Moreover, retroactive application of limited jurisdictional expansion passes constitutional muster. For these reasons, the trial court had jurisdiction to modify Bennett's disposition and it properly applied the 1994 amendments. We affirm.