[No. 16911-1-III.   Division Three.   February 4, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. ERWIN ERROL TEJADA, *Appellant*.

*Julie K. Cook*, for appellant.

*Steven M. Clem, Prosecuting Attorney*, and *Nancy A. Harmon, Deputy*, for respondent.

SCHULTHEIS, C.J. — Seventeen-year-old Erwin Tejada pleaded guilty to one count of first degree burglary. He turned 18 four months after his disposition hearing. During the time he was detained at a juvenile correction facility, he made payments toward the restitution obligation established in his disposition, but he failed to continue payments after he was released. He argues on appeal that the trial court erred in finding it had jurisdiction to enforce further payments on the restitution obligation. We affirm.

Mr. Tejada's birthday is November 23, 1976. On July 6, 1994, he was sentenced to 80 to 100 weeks in detention and was ordered to pay $6,482 in restitution. The order of

disposition did not specifically extend jurisdiction beyond Mr. Tejada's 18th birthday and did not set up a payment plan.

Mr. Tejada made restitution payments during his detention, but stopped when he was released. In September 1996, before Mr. Tejada's 20th birthday, the State began a show cause proceeding to enforce payments on the restitution obligation. Due to the State's inability to locate him to serve notice of the hearing, a bench warrant was issued. He was arrested on the warrant in March 1997 and attended a show cause hearing before a Douglas County Commissioner on March 12, 1997. The commissioner dismissed the State's motion, finding that the court lost jurisdiction over Mr. Tejada when it failed to set up a payment plan or to begin proceedings before his 18th birthday.

Arguing that RCW 13.40.190 grants jurisdiction over a juvenile offender for 10 years beyond his or her 18th birthday for the purposes of collecting restitution, and that RCW 13.40.300(1)(c) provides an automatic extension of jurisdiction to execute and enforce the disposition, the State moved for revision of the commissioner's ruling. By order dated August 14, 1997, the Superior Court granted the State's motion and vacated the order of dismissal. The court found that the jurisdiction provision of RCW 13.40.190 is mandatory, extending jurisdiction to collect restitution for 10 years after the juvenile turns 18.

On appeal, Mr. Tejada contends RCW 13.40.300 must be read to require the juvenile court to set up a payment plan or to affirmatively extend jurisdiction before a juvenile's 18th birthday in order to collect restitution beyond that age. He argues that the court lost jurisdiction over him when it had done nothing to affirmatively extend jurisdiction before his 18th birthday.

One of the purposes of the Juvenile Justice Act of 1977 (JJA) is to provide for restitution to crime victims. RCW 13.40.010(2)(h); *State v. Bennett*, 92 Wn. App. 637, 641, 963 P.2d 212 (1998); *State v. Hartke*, 89 Wn. App. 143, 144, 948 P.2d 402 (1997). To this end, the JJA is liberally

construed in favor of imposing restitution. *Bennett*, 92 Wn. App. at 641. Restitution meets two purposes of the JJA: victim compensation and offender accountability. *Id.* We examine the provisions of the JJA in light of this legislative intent. *State v. Parada*, 75 Wn. App. 224, 230, 877 P.2d 231 (1994).

The two statutes in question here, RCW 13.40.190 (the restitution provision) and RCW 13.40.300 (the jurisdiction provision), were both amended in the same legislative package in 1994. *Bennett*, 92 Wn. App. at 640-41. Where RCW 13.40.190(1) formerly did not address the jurisdiction issue, the 1994 revision provides in part as follows:

> In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. . . . The court may determine the amount, terms, and conditions of the restitution *including a payment plan extending up to ten years if the court determines that the respondent does not have the means to make full restitution over a shorter period. . . . For the purposes of this section, the respondent shall remain under the court's jurisdiction for a maximum term of ten years after the respondent's eighteenth birthday.*

(Amended portion italicized.) LAWS OF 1994, 1st Spec. Sess., ch. 7, § 528. In 1997, the Legislature again amended this section to add the following sentence: "Prior to the expiration of the ten-year period, the juvenile court may extend the judgment for the payment of restitution for an additional ten years." LAWS OF 1997, ch. 121, § 9.

RCW 13.40.300, first adopted in 1975, provides general jurisdictional limits. The statute begins by stating that an offender may be under the jurisdiction of the juvenile court beyond the juvenile's eighteenth birthday only if prior to the eighteenth birthday: (a) adjudication proceedings are pending and the court sets out its reasons for extending jurisdiction in a written order; (b) the juvenile has been found guilty and an automatic extension is necessary to allow for the imposition of disposition; or (c) "[d]isposition has been held and an automatic extension is necessary to allow for

the execution and enforcement of the court's order of disposition." RCW 13.40.300(1). Section (2) authorizes the juvenile court to further extend previously extended jurisdiction "by written order setting forth its reasons." In former section (3) the juvenile court was expressly prohibited the "authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's twenty-first birthday . . . ." The Legislature amended section (3) in the 1994 restitution package by adding "except for the purpose of enforcing an order of restitution." LAWS OF 1994, 1st Spec. Sess., ch. 7, § 530.

Mr. Tejada sees a conflict in RCW 13.40.300 between the provisions requiring an affirmative action on the part of the juvenile court and the provisions providing automatic extensions of jurisdiction. He contends that since the Legislature refers to the "authority" of the juvenile court to extend jurisdiction in section (3), it must have intended the court to make an affirmative act to extend jurisdiction over the restitution obligation beyond a juvenile's eighteenth birthday. This interpretation does not do justice to the restitution purposes of the JJA and is not consistent with the intent of the Legislature as expressed in the 1994 amendments.

Statutes are given a sensible construction. *Parada*, 75 Wn. App. at 230. When two statutes apparently conflict, they are read to harmonize and to reconcile their meanings whenever possible. *In re Personal Restraint of King*, 110 Wn.2d 793, 799, 756 P.2d 1303 (1988); *State v. Danner*, 79 Wn. App. 144, 149, 900 P.2d 1126 (1995). We strive to interpret a statute in a way that best advances the legislative intent and that avoids a strained and unrealistic interpretation. *Danner*, 79 Wn. App. at 149. Although RCW 13.40.300 refers to the court's authority to extend jurisdiction, it also provides for automatic extension of jurisdiction when required to enforce a disposition order such as restitution. With the new amendments, the court's jurisdiction under RCW 13.40.300 and RCW 13.40.190 is now automatically extended to the age of 28, with the court

granted authority to further extend jurisdiction another 10 years.[1] *Bennett*, 92 Wn. App. at 642-43 (interpreting the 1994 JJA amendments). This reading harmonizes the jurisdictional limits of RCW 13.40.300 with the specific jurisdictional limits of RCW 13.40.190.

Even if reconciliation proved elusive, the more specific restitution jurisdiction provisions of RCW 13.40.190 would prevail over the older and more general provisions of RCW 13.40.300. *State v. Stackhouse*, 88 Wn. App. 963, 968, 947 P.2d 777 (1997). Since the 1994 amendments, however, the conflict has been neutralized. *Bennett*, 92 Wn. App. at 642-43. The cases cited by Mr. Tejada, *State v. Forhan*, 59 Wn. App. 486, 798 P.2d 1178 (1990) and *In re Welfare of Hoffer*, 34 Wn. App. 82, 659 P.2d 1124 (1983), were decided before the recent amendments and have limited precedential value. *Forhan* does, however, reinforce our holding that RCW 13.40.300(1)(c) specifically provides for an automatic extension in a case such as this, where disposition occurred about four months prior to Mr. Tejada's 18th birthday and the extension was necessary to enforce the disposition. 59 Wn. App. at 490.

Because the State began the proceedings to enforce Mr. Tejada's restitution obligation before his 28th birthday, he is still under the juvenile court's jurisdiction. Accordingly, the trial court properly revised the commissioner's ruling and authorized the State to proceed with its restitution collection efforts.

Affirmed.

KURTZ and KATO, JJ., concur.

---

[1]RCW 13.40.190(1) specifically provides that the court must act before the end of the juvenile's 28th year to extend jurisdiction for the payment of restitution another 10 years.