[Nos. 27005-0-III; 27061-1-III. Division Three. January 19, 2010.]

*In the Matter of the Personal Restraint of* ANDREW EVAN BRADY, *Petitioner.*

*Janet G. Gemberling* (of *Gemberling & Dooris PS*), for petitioner.

*Steven J. Tucker, Prosecuting Attorney,* and *Mark E. Lindsey* and *Andrew J. Metts III, Deputies,* for respondent.

¶1 BROWN, J. — Andrew Evan Brady (born September 9, 1979) seeks relief from personal restraint in the form of 2007 Spokane County Juvenile Court ex parte orders extending jurisdiction for collection of restitution and penalty assessments (legal financial obligations (LFOs)) imposed in 1995 and 1996 disposition orders. The primary question is whether the extension orders were untimely and should be stricken. We hold the orders were untimely, grant Mr. Brady's petition, and vacate the orders extending jurisdiction. We further decide the $200 extension fee is not authorized under the juvenile statutes.

FACTS

¶2 On February 28, 1995, Mr. Brady was adjudicated guilty of second degree malicious mischief; the order of disposition required that he pay $2,000 in restitution and a $100 penalty assessment. On April 24, 1996, Mr. Brady was adjudicated guilty of second degree theft and second degree malicious mischief; the order of disposition required that he pay $1,000 in restitution and a $100 penalty assessment.

¶3 In each case, the Spokane County prosecutor filed, on August 8, 2007, an ex parte motion and order extending jurisdiction for collection of LFOs for an additional 10 years. Mr. Brady's balance was then $1,840 in the 1995 case and $1,015 in the 1996 case. The juvenile court granted the motions and entered orders extending his payment obligations to October 13, 2017.[1] The court ordered Mr. Brady to pay a $200 judgment extension fee in each case.

---

[1] The basis for the October 13 date is unclear, as 10 years would expire on August 8, 2017.

¶4 Mr. Brady timely filed these consolidated personal restraint petitions challenging the August 8, 2007 orders. He claimed the State's motions to extend jurisdiction were untimely, due process required that he receive notice of the ex parte motions, and he was entitled to appointed counsel. He also contended in reply to the State's initial response that the extension of judgment fees constituted unlawful additional punishment without notice. After receiving supplemental comment from the State regarding the $100 penalty assessments and $200 filing fees, the chief judge appointed counsel for Mr. Brady and referred the matter to the panel. RAP 16.11(b). The court requested briefing from counsel on the questions whether the juvenile court erred in (1) extending jurisdiction for an additional 10-year period to collect restitution and penalty assessments and (2) charging the extension of judgment fees.

¶5 To obtain relief in a personal restraint petition challenging a judgment and sentence, the petitioner must show actual and substantial prejudice resulting from alleged constitutional errors or, for alleged nonconstitutional errors, a fundamental defect that inherently results in a miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990); *see also In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 50 P.3d 618 (2002) (sentence exceeding the court's statutory authority is fundamentally defective and warrants relief in collateral attack).

## ANALYSIS

### A. Extension Timeliness

¶6 The issue is whether the State failed to timely file the motions to extend jurisdiction to collect LFOs (restitution and penalty assessments).

¶7 We review statutory interpretation questions de novo. *State v. J.P.*, 149 Wn.2d 444, 449, 69 P.3d 318 (2003). "If the language of the statute is clear and unequivocal, the

court must apply the language as written." *State v. Olson*, 148 Wn. App. 238, 243, 198 P.3d 1061 (2009). We read related provisions together so as to "achieve a harmonious and unified statutory scheme that maintains the integrity of the respective statutes." *State v. Chapman*, 140 Wn.2d 436, 448, 998 P.2d 282 (2000); *State v. Tejada*, 93 Wn. App. 907, 911, 971 P.2d 79 (1999). We interpret a statute in a way best advancing the legislature's intent and avoiding a strained or unrealistic interpretation. *Tejada*, 93 Wn. App. at 911.

¶8 The parties' contentions require us to examine three inter-related statutes—RCW 13.40.190(1), RCW 13.40.192, and RCW 6.17.020.

¶9 RCW 13.40.190(1) partly provides:

> In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. . . . The court may determine the amount, terms, and conditions of the restitution including a payment plan extending up to ten years if the court determines that the respondent does not have the means to make full restitution over a shorter period. . . . For the purposes of this section, the respondent shall remain under the court's jurisdiction for a maximum term of ten years after the respondent's eighteenth birthday. *Prior to the expiration of the ten-year period*, the juvenile court may extend the judgment for the payment of restitution for an additional ten years.

(Emphasis added.) The dispute here turns on the meaning of the italicized language.

¶10 Mr. Brady turned age 18 on September 9, 1997. He thus remained under the juvenile court's jurisdiction for a maximum of 10 more years, until September 9, 2007. Under the State's argument, "the ten-year period" that expires does not begin until the respondent's 18th birthday. Therefore, the State's August 8, 2007 motions for extension of jurisdiction filed prior to Mr. Brady's 28th birthday were timely.

¶11 Mr. Brady contends the original judgment imposition date begins the 10-year period and the State must seek extension within that period or lose any enforcement rights. He thus argues the State's August 2007 motions filed more than 10 years after the 1995 and 1996 imposition dates were untimely.

¶12 Mr. Brady's cited case, *State v. Bennett*, 92 Wn. App. 637, 963 P.2d 212 (1998), is instructive. There, when the disposition order was entered in 1993, juvenile courts lost jurisdiction on an offender's 21st birthday. Mr. Bennett turned 21 in 1997. Shortly thereafter, the court entered an order extending jurisdiction until 2003, thus subjecting him to intervening 1994 amendments to RCW 13.40.190(1) and .300 that authorized a juvenile court to extend jurisdiction beyond age 21 for purposes of enforcing restitution obligations. The former version of RCW 13.40.190(1) (1987) did not address jurisdiction, but the 1994 revision partly provided:

> In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. . . . The court may determine the amount, terms, and conditions of the restitution *including a payment plan extending up to ten years if the court determines that the respondent does not have the means to make full restitution over a shorter period. . . . For the purposes of this section, the respondent shall remain under the court's jurisdiction for a maximum term of ten years after the respondent's eighteenth birthday.*

(Amended portion italicized.) LAWS OF 1994, 1st Spec. Sess., ch. 7, § 528(1). And, the 1994 amendment to RCW 13.40-.300(3) extended juvenile court jurisdiction beyond an offender's 21st birthday solely to enforce a restitution order. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 530(3).

¶13 The court rejected Mr. Bennett's arguments that retroactive application of the 1994 amendments violated a due process expectation that the court's authority over him would terminate when he turned 21. *Bennett*, 92 Wn. App. at 642-43. The court concluded that under the 1994 amend-

ments, "the relevant date is no longer the offender's 21st birthday, but rather either the offender's 28th birthday or the 10-year anniversary of the disposition." *Id.* at 643. Thus, jurisdiction is automatically extended to correspond to those new jurisdictional limits. *Id.* In other words, the amendments "authorized a juvenile court to extend jurisdiction, for the purpose of enforcing restitution only, *for up to 10 years after disposition, and not later than an offender's 28th birthday.*" *Id.* at 640 (emphasis added).

¶14 In 1997, the legislature again amended RCW 13.40.190(1) to add the language now in dispute in Mr. Brady's case: "Prior to the expiration of the ten-year period, the juvenile court may extend the judgment for the payment of restitution for an additional ten years." LAWS OF 1997, ch. 121, § 9(1). This amendment was part of Engrossed House Bill (EHB) 1096, which added RCW 13.40-.192 as a new section to address enforcement of juvenile LFOs:

> If a juvenile is ordered to pay legal financial obligations, including fines, penalty assessments, attorneys' fees, court costs, and restitution, the money judgment remains enforceable for a period of ten years. When the juvenile reaches the age of eighteen years or at the conclusion of juvenile court jurisdiction, whichever occurs later, the superior court clerk must docket the remaining balance of the juvenile's legal financial obligations in the same manner as other judgments for the payment of money. The judgment remains valid and enforceable until ten years from the date of its imposition. The clerk of the superior court may seek extension of the judgment for legal financial obligations, including crime victims' assessments, in the same manner as RCW 6.17.020 for purposes of collection as allowed under RCW 36.18.190.

RCW 13.40.192; *see* LAWS OF 1997, ch. 121, § 7.

¶15 RCW 6.17.020 was amended as part of EHB 1096. The statute partly provides:

> (1) Except as provided in subsections (2), (3), and (4) of this section, the party in whose favor a judgment of a court has been or may be filed or rendered . . . may have an execution, garnishment, or other legal process issued for the collection or

enforcement of the judgment at any time within ten years from entry of the judgment or the filing of the judgment in this state.

. . . .

(3) After June 9, 1994, a party in whose favor a judgment has been filed . . . may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment . . . for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued. . . .

(4) A party who obtains a judgment or order for restitution, *crime victims' assessment*, or other court-ordered legal financial obligations pursuant to a criminal judgment and sentence . . . may execute, garnish, and/or have legal process issued upon the judgment or order any time within ten years subsequent to the entry of the judgment and sentence or ten years following the offender's release from total confinement as provided in chapter 9.94A RCW. *The clerk of superior court, or a party designated by the clerk, may seek extension under subsection (3) of this section for purposes of collection as allowed under RCW 36.18.190, provided that no filing fee shall be required.*

(Amended portion italicized.)

¶16 The legislative intent of EHB 1096 was to clarify that provisions in RCW 6.17.020 allowing judgments to be extended for an additional 10 years from the date of imposition likewise apply to juvenile LFOs. The juvenile restitution provisions were thus amended to specifically authorize the court to extend judgment for an additional 10 years. In addition, the county clerk became authorized to seek the extension for the purpose of collecting the unpaid obligations through a collection agency or through its own collection services department. *See* FINAL B. REP. on EHB 1096, at 1-2, 55th Leg., Reg. Sess. (Wash. 1997); *see also* S. B. REP. on EHB 1096, at 2, 55th Leg., Reg. Sess. (Wash. 1997). Nothing in the legislative history for EHB 1096 suggests that juvenile disposition orders would remain valid for more than 10 years from the date of imposition without an extension during that period.

¶17 Later, in *Tejada*, this court followed the reasoning in *Bennett* and held that under the 1994 amended version of

RCW 13.40.300(1) and the 1997 amended version of RCW 13.40.190(1), the juvenile court's jurisdiction to enforce a disposition order such as restitution is "now automatically extended to the age of 28, when the court granted authority to further extend jurisdiction another 10 years." *Tejada*, 93 Wn. App. at 911-12. It is thus clear from *Bennett* and *Tejada* that juvenile jurisdiction extends to age 28.

¶18 Unlike here, the initial 10-year enforcement period from the original date of imposition had not run in *Bennett* or *Tejada*. No issue of "the ten-year period" expiring was presented. The question was whether the juvenile statutes authorized jurisdiction past the ages of 21 and 18, respectively. *Bennett*, 92 Wn. App. at 640 (disposition order entered at age 16; jurisdiction extended 4 years later); *Tejada*, 93 Wn. App. at 908-09 (disposition order entered at age 17; jurisdiction extended 2 years later).

¶19 Mr. Brady thus argues the 1997 amendment to RCW 13.40.190(1) did not purport to change the *Bennett* court's interpretation of the statute that jurisdiction extends solely to age 28 and the original 10-year extension is calculated from the date of imposition. He concludes the only significant change in the law since *Bennett* is to permit a second extension, albeit not automatic and only if entered prior to the expiration of the original 10-year period.[2]

¶20 To the extent the 1997 amendment confuses RCW 13.40.190(1), Mr. Brady's interpretation dovetails with the legislative intent behind the 1997 amendments also involving RCW 13.40.192 and RCW 6.17.020. No Washington case to date discusses RCW 13.40.192. But the statute plainly limits enforceability of the initial judgment (including res-

---

[2] RCW 13.40.190(1) was again amended in 2004 to include the final sentence:

At any time, the court may determine that the respondent is not required to pay, or may relieve the respondent of the requirement to pay, full or partial restitution to any insurance provider authorized under Title 48 RCW if the respondent reasonably satisfies the court that he or she does not have the means to make full or partial restitution to the insurance provider and could not reasonably acquire the means to pay the insurance provider the restitution over a ten-year period.

LAWS OF 2004, ch. 120, § 6.

titution and penalty assessments) to 10 years. Whenever juvenile jurisdiction ends (up to age 28 according to RCW 13.40.190(1)), the clerk dockets the remaining LFO balance from the judgment, which remains enforceable for 10 years from the imposition date. Judgment extension is then governed by RCW 6.17.020.

¶21 Reading the three statutes together, although the *jurisdictional* age limit is 28 for seeking extension under RCW 13.34.190(1), the application for extension to enforce LFOs, including restitution and penalty assessments, must still be made prior to the 10-year expiration of the original disposition order. The 10-year expiration provisions in RCW 13.40.192 and RCW 7.16.020 would be rendered meaningless if the "ten-year period" in RCW 13.34.190(1) started only at the 18th birthday.

¶22 Practically, had the State extended Mr. Brady's 1995 judgment for 10 additional years prior to February 28, 2005 (at age 25), the county clerk would then have docketed the remaining amount when jurisdiction ended at age 28. The extended judgment would then remain enforceable for 10 full years, until 2015. RCW 13.40.192. Similarly, had the 1996 judgment been extended prior to April 24, 2006, the judgment would then remain enforceable until 2016.

¶23 In sum, since the State waited more than 10 years to apply for judgment extensions against Mr. Brady, the judgments were unenforceable even though he had not yet turned 28 in August 2007. As Mr. Brady argues, the court's conclusion in *Bennett* that jurisdiction to enforce restitution may be extended for up to 10 years after disposition, and not later than an offender's 28th birthday, still comports with the amended statutory scheme. Accordingly, the State's motions were untimely and we strike the orders extending jurisdiction to collect LFOs without further discussion.

## B. Extension Filing Fee

¶24 The issue is whether the juvenile court lacked authority to impose the $200 filing fee for extension of

judgment in Mr. Brady's cases. We choose to reach this first impression issue even though Mr. Brady will be absolved of his financial obligations. *See In re Pers. Restraint of Dalluge*, 162 Wn.2d 814, 819, 177 P.3d 675 (2008) (court may decide moot case to resolve issue of continuing and substantial public interest if guidance would be of help to public agency and issue is likely to recur).

¶25 As discussed, RCW 13.40.190(1) authorizes the juvenile court to extend the judgment for the payment of *restitution* for an additional 10 years. It does not discuss other LFOs or costs. The enforcement statute, RCW 13.40.192, authorizes the superior court clerk to seek extension "of the judgment for legal financial obligations . . . in the same manner as RCW 6.17.020 for purposes of collection as allowed under RCW 36.18.190."

¶26 RCW 6.17.020 partly provides:

> (3) After June 9, 1994, a party in whose favor a judgment has been filed . . . may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment . . . for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued. . . . The petitioner shall pay to the court a filing fee equal to the filing fee for filing the first or initial paper in a civil action in the court . . . . The order granting the application shall contain an updated judgment summary as provided in RCW 4.64.030. The filing fee required under this subsection shall be included in the judgment summary and shall be a recoverable cost.

> (4) A party who obtains a judgment or order for restitution, crime victims' assessment, or other court-ordered legal financial obligations pursuant to a criminal judgment and sentence . . . may execute, garnish, and/or have legal process issued upon the judgment or order any time within ten years subsequent to the entry of the judgment and sentence or ten years following the offender's release from total confinement as provided in chapter 9.94A RCW. *The clerk of superior court, or a party designated by the clerk, may seek extension under subsection (3) of this section for purposes of collection as allowed under RCW 36.18.190, provided that no filing fee shall be required.*

(Emphasis added.)

¶27 Thus, subsection (3) authorizes a judgment extension fee as a recoverable cost. The State correctly cites to RCW 36.18.016 as the statutory basis for a mandatory $200 extension fee. RCW 36.18.016(15).

¶28 But the question is whether the pertinent statutes authorize the State to recover costs for extension of judgment in a juvenile matter. RCW 13.40.190(1) solely authorizes extension of the *restitution* obligation. RCW 13.40.192 authorizes collection of remaining restitution and other specified LFOs. The statute makes no reference to an extension fee, but provides that the "clerk of the superior court may seek extension of the judgment for legal financial obligations, including crime victims' assessments, in the same manner as RCW 6.17.020 for purposes of collection as allowed under RCW 36.18.190." RCW 13.40.192. RCW 13.40.192 parallels the last sentence of RCW 6.17.020(4), which additionally states that no filing fee shall be required. Both provisions were part of EHB 1096.

¶29 In *Morgan* (an adult criminal restitution matter), this court construed RCW 6.17.020(4) to mean that the county prosecutor and the court clerk have like standing to apply for extension of the judgment. *State v. Morgan*, 107 Wn. App. 153, 159-60, 26 P.3d 965 (2001). Thus, here the county prosecutor was a proper party to make the extension applications. The State is correct that Mr. Brady makes no showing that the county clerk has utilized collection procedures. But the juvenile statutes still appear to provide no independent basis for the State to recover the extension fee under RCW 6.17.020(3). Instead, RCW 13.40.192 refers solely to the provisions of RCW 6.17.020(4), under which no filing fee shall be required.

¶30 Common sense suggests any confusion may be due to a legislative oversight, but generally courts " 'cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or an inadvertent omission.' " *In re Postsentence Review of Leach*, 161 Wn.2d 180, 186, 163 P.3d 782 (2007) (quoting *Jenkins v. Bellingham Mun. Court*,

95 Wn.2d 574, 579, 627 P.2d 1316 (1981)). A court may add to a statute, but only if it is " 'imperatively required to make [the statute] rational.' " *State v. Taylor*, 97 Wn.2d 724, 729, 649 P.2d 633 (1982) (quoting *McKay v. Dep't of Labor & Indus.*, 180 Wash. 191, 194, 39 P.2d 997 (1934)); *see also In re Pers. Restraint of Acron*, 122 Wn. App. 886, 891, 95 P.3d 1272 (2004) (appellate courts do not supply omitted language even if legislature's omission is clearly inadvertent, unless the omission renders the statute irrational).

¶31 As discussed, the legislative purpose of EHB 1096 was to clarify that the 10-year judgment enforcement and extension provisions of RCW 6.17.020 likewise apply to juvenile legal financial obligations. This purpose is rationally accomplished without an extension filing fee. Other than what is expressed in RCW 6.17.020(4), the legislative history sheds no further light on the judgment extension fee subject. Any addition of an extension fee to the juvenile statutes is likely best left to the legislature. *In re Pers. Restraint of Acron*, 122 Wn. App. at 891. In sum, the $200 judgment extension fee is not plainly authorized under the juvenile statutes.

## C. Other Contentions

¶32 In light of our dispositive holdings, we acknowledge without deciding Mr. Brady's additional pro se contentions that he had a due process right to receive notice and an opportunity to be heard prior to entry of the ex parte orders, and that he had a right to counsel for the proceedings. We note in passing, first, that due process does not require notice or opportunity to be heard at ex parte proceedings extending jurisdiction for the purpose of collecting restitution and LFOs, so long as the court does not modify the original judgment or impose further punishment. *State v. Hotrum*, 120 Wn. App. 681, 683-84, 87 P.3d 766 (2004). Second, generally, no right to counsel exists for postconviction proceedings. *See State v. Winston*, 105 Wn. App. 318, 321, 19 P.3d 495 (2001) (no constitutional right to counsel

in postconviction proceedings other than a first direct appeal of right).

## CONCLUSION

¶33 We grant personal restraint relief and vacate the August 8, 2007 orders extending jurisdiction to collect LFOs.

KULIK, C.J., and SWEENEY, J., concur.