[No. 28774-2-III.    Division Three.    December 28, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON M. YON, *Appellant.*

*Richard F.J. Lee*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey* and *Andrew J. Metts III, Deputies*, for respondent.

¶1 SIDDOWAY, J. — Jason Yon appeals his two convictions of wildlife trafficking in the first degree under RCW 77.15.260, imposed for his purchase of four bear gallbladders for $200 apiece. He argues that this statute does not permit a value

aggregation of pieces of contraband to reach the $250 threshold required to commit the crime. He also claims that RCW 77.15.030 requires each piece of contraband he purchased to be treated as a separate offense. Because we find that RCW 77.15.030 is applicable in this case, we reverse the convictions and remand for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Mr. Yon was charged with two counts of violating RCW 77.15.260(2), unlawful trafficking of wildlife in the first degree, a class C felony. At trial, the State presented evidence that Mr. Yon purchased two black bear gallbladders on September 21, 2008 for $400 total. The State also presented evidence that Mr. Yon made a second purchase of two more black bear gallbladders on October 6, 2008, again for $400 total.

¶3 After the State rested its case, Mr. Yon moved for the charges to be dismissed on the ground that RCW 77.15.260 does not permit a value aggregation of the bear gallbladders to reach the $250 threshold required by the statute. He also argued that each gallbladder purchased needed to be charged separately according to RCW 77.15.030. The State argued from a federal case, *United States v. Senchenko*, 133 F.3d 1153 (9th Cir.), *cert. denied*, 525 U.S. 872 (1998), that interpreted a federal statute to allow for aggregation of value in a wildlife trafficking case.

¶4 The trial court denied Mr. Yon's motion to dismiss the charges. It found that RCW 77.15.030 was inapplicable and that aggregation was permissible under RCW 77.15.260. Mr. Yon was found guilty of two counts of wildlife trafficking in the first degree by the jury.

## ANALYSIS

*Standard of Review*

¶5 We apply de novo review to questions of statutory construction. *State v. Smith*, 155 Wn.2d 496, 501,

120 P.3d 559 (2005). When interpreting a statute, the court's fundamental objective is to ascertain and carry out the legislature's intent. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). To determine that intent, we first look to the language of the statute. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the plain language of the statute is clear and unambiguous, we must give effect to the language as an expression of legislative intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). In determining the plain meaning of a provision, we look to the text of the statutory provision in question as well as "the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *Jacobs*, 154 Wn.2d at 600.

¶6 We must construe statutes so that all the language used is given effect, with no portion rendered meaningless or superfluous. *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996). Courts should interpret statutes in a way that avoids a strained or unrealistic interpretation. *In re Pers. Restraint of Brady*, 154 Wn. App. 189, 193, 224 P.3d 842 (2010) (citing *State v. Tejada*, 93 Wn. App. 907, 911, 971 P.2d 79 (1999)). Statutes on the same subject matter must be read together to give each effect and to harmonize each with the other. *US W. Commc'ns, Inc. v. Utils. & Transp. Comm'n*, 134 Wn.2d 74, 118, 949 P.2d 1337 (1997).

*Discussion of RCW 77.15.030 and RCW 77.15.260*

¶7 Mr. Yon argues that RCW 77.15.260 should be interpreted to require that an individual piece of contraband must be valued at $250 or more to support charging the crime of wildlife trafficking in the first degree. The statute provides, in relevant part, that

(1) A person is guilty of unlawful trafficking in fish, shellfish, or wildlife in the second degree if the person traffics in fish, shellfish, or wildlife with a wholesale value of less than two hundred fifty dollars and:

(a) The fish or wildlife is classified as game, food fish, shellfish, game fish, or protected wildlife and the trafficking is not authorized by statute or rule of the department; . . .

. . . .

(2) A person is guilty of unlawful trafficking in fish, shellfish, or wildlife in the first degree if the person commits the act described by subsection (1) of this section and:

(a) The fish, shellfish, or wildlife has a value of two hundred fifty dollars or more.

RCW 77.15.260. "Trafficking" means "offering, attempting to engage, or engaging in sale, barter, or purchase of fish, shellfish, wildlife, or deleterious exotic wildlife." Former RCW 77.08.010(50) (2008). The term "wildlife" includes the body parts of big game animals such as black bears. Former RCW 77.08.010(55) (2008); RCW 77.08.030 (classifying black bears as big game).

¶8 Mr. Yon claims the statute does not specifically allow for aggregation of value, unlike our theft and malicious mischief statutes, and that RCW 77.15.030 requires each piece of contraband to be counted as a separate offense. RCW 77.15.030 provides that

> [w]here it is unlawful to hunt, take, fish, possess, or traffic in big game or protected or endangered fish or wildlife, then each individual animal unlawfully taken or possessed is a separate offense.

The State argues that RCW 77.15.030 does not apply since Mr. Yon was not charged with taking or possessing big game.

¶9 First examining the plain language of RCW 77.15-.030, it is clear that this provision applies to crimes charged under chapter 77.15 RCW that involve trafficking in particular classifications of wildlife, including big game.[1] Construing this section as the State suggests would render it totally inapplicable to RCW 77.15.260, the only section

---

[1] RCW 77.15.030 was amended a year after enactment to include trafficking. LAWS OF 1999, ch. 258, § 1.

prohibiting wildlife trafficking in the chapter, despite the legislature's clear intent to the contrary. Black bears are considered big game animals under chapter 77.15 RCW. It therefore follows that trafficking crimes involving black bears are subject to the provisions of this section.

¶10 The fact that the contraband in this case consisted of parts of big game animals rather than the animals in their intact condition is of no import, as distinguishing the statute on this point would lead to absurd results and would be inconsistent with the overall statutory scheme. *See* former RCW 77.08.010(55) (defining "wildlife" as including bodily parts of wildlife); RCW 77.15.260 (treating game as a subclass of wildlife). Thus, RCW 77.15.030 applied to the charges brought against Mr. Yon.

¶11 RCW 77.15.030 defines the unit of prosecution when particular animals are involved in the crimes listed under this chapter.[2] When the statute applies, each individual animal unlawfully taken or possessed is to be treated as a separate offense. RCW 77.15.030. The purpose of this statute is clearly to enable imposition of multiple counts against persons who commit crimes under chapter 77.15 RCW involving animals covered by this section. The State's proposed interpretation of RCW 77.15.260, which would define the unit of prosecution as the trafficking transaction itself, would render part of RCW 77.15.030 meaningless.

¶12 Our reading of RCW 77.15.030 is in harmony with the trafficking statute, RCW 77.15.260. The State contends this interpretation renders part of RCW 77.15.260 meaningless since a single fish would rarely be valued over $250, and a single clam would never be so valued. However, a careful reading of RCW 77.15.030 makes clear that the "per animal" unit of prosecution applies only to big game and protected or endangered fish and wildlife. Further, shellfish are not considered "wildlife" under the statute—RCW 77.15.030 would therefore not apply to trafficking crimes involving shellfish. Former RCW 77.08.010(55).

---

[2] The "unit of prosecution" is the legislatively defined scope of the criminal act. *State v. Adel*, 136 Wn.2d 629, 634, 965 P.2d 1072 (1998).

¶13 The State's reliance on *Senchenko*, 133 F.3d 1153, is misplaced. In that case, the court interpreted the Lacey Act Amendments of 1981, 16 U.S.C. §§ 3371-3378, which provided in relevant part that a person commits a felony " 'by knowingly engaging in conduct that involves . . . the intent to sell . . . wildlife . . . with a market value in excess of $350.' " *Senchenko*, 133 F.3d at 1156 (alterations in original) (quoting 16 U.S.C. § 3373(d)(1)(B)). The court held that "[w]here the acts forming that conduct are closely related, the total value of the parts involved is properly taken into account." *Id.* at 1157. The Lacey Act defined the unit of prosecution as "conduct." Our legislature has specified that the unit of prosecution for such animal trafficking crimes as the one before this court is "per animal." *Senchenko* is, therefore, inapposite.

¶14 We conclude that RCW 77.15.030 applies to trafficking charges brought under RCW 77.15.260 when animals (or parts thereof) specified by the former statute are the objects of the trafficking alleged, and that RCW 77.15.030 does not permit the value aggregation of different animals when it applies. Accordingly, a trafficking transaction involving the purchase of two black bear gallbladders, which necessarily came from two different bears, amounts to two distinct crimes under the legislature's chosen unit of prosecution.

*Disposition*

¶15 In order to find a defendant guilty of a crime, the State must prove each element beyond a reasonable doubt. *State v. Kroll*, 87 Wn.2d 829, 840, 558 P.2d 173 (1976). The State did not prove the value element of first degree wildlife trafficking here, since no evidence suggests that the value of any individual gallbladder was $250 or more. Mr. Yon's first degree wildlife trafficking convictions must therefore be vacated.

¶16 We may direct the trial court to enter convictions for the lesser included offense of wildlife trafficking in the second degree so long as the jury made findings

sufficient to support those convictions. *State v. Gilbert*, 68 Wn. App. 379, 385, 842 P.2d 1029 (1993). In order to find Mr. Yon guilty of first degree wildlife trafficking, the jury necessarily found all the facts necessary to convict him of second degree wildlife trafficking beyond a reasonable doubt.

¶17 We therefore reverse Mr. Yon's two convictions of wildlife trafficking in the first degree and remand for resentencing consistent with this opinion. Given this disposition, we need not consider Mr. Yon's statement of additional grounds.

KULIK, C.J., and KORSMO, J., concur.