[No. 45296-7-I. Division One. July 30, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. C.R.H., *Appellant*.

---

*Nancy P. Collins*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Heather M. Jensen* and *Robin E. Fox, Deputies*, for respondent.

Appelwick, J. — The Rules of General Application authorize all Washington courts to seal criminal files under compelling circumstances, even in the absence of express' statutory authority. Here, the trial court denied C.H.'s motion to seal his criminal file, relying on a statute requiring the court file of a class B juvenile offender to be open to public inspection for at least 10 years. Because the sealing of a criminal file is a procedural matter over which the court has inherent constitutional authority, the court rule authorizing sealing takes precedence over the conflicting statute. Therefore, we reverse the order denying the motion to seal and remand for a hearing to determine whether sealing is appropriate in this case.

## FACTS

C.H. was charged by information on November 20, 1998, in juvenile court, with one count of second degree burglary. Second degree burglary is a class B felony. RCW 9A-.52.030(2).

The trial court entered an order of deferred disposition under RCW 13.40.127.[1] As part of the deferred disposition, the court entered a finding adjudging C.H. guilty of the charged offense based on stipulated facts. The court also required C.H. to comply with certain specified conditions, including six months of community supervision, 24 hours of

---

[1] In 1997, the Legislature amended the Juvenile Justice Act of 1977, chapter 13.40 RCW, by adding the deferred disposition sentencing alternative. *See* RCW 13.40.127. That alternative allows certain first time juvenile offenders to receive a single deferred disposition. RCW 13.40.127. When a deferred disposition is granted, the respondent is found guilty upon stipulated facts, and disposition is deferred pending satisfaction of conditions of supervision that the court specifies. RCW 13.40.127. If the respondent successfully completes the conditions of supervision, and the court makes a finding of full compliance, the conviction will be vacated and the case dismissed with prejudice. RCW 13.40.127(9). If the respondent fails, the deferral is revoked, and the court enters an order of disposition. RCW 13.40.127(7).

community service, regular school attendance, counseling, and a curfew. C.H. successfully completed the terms of his deferred disposition. Therefore, on July 8, 1999, the court ordered that the case be dismissed with prejudice, and that "this matter shall not be made a part of respondent's criminal history."

C.H. then moved to have the record in his case sealed. After a hearing, the court denied the motion for sealing. The court ruled that "RCW 13.40.127, the statute relating to the granting of deferred dispositions, does not by implication provide for the sealing or destruction of juvenile records once a respondent has satisfactorily complied with the terms of the deferred disposition." The court further explained that "RCW 13.50.050 governs sealing and destruction of records relating to juvenile offenses." The court ruled that it could not order C.H.'s record sealed under that statute, because insufficient time had passed. C.H. appeals.

## ANALYSIS

C.H. argues that the juvenile court erred in concluding that it had no authority to order his record sealed. First, C.H. argues that the deferred disposition statute itself expressly authorizes the trial court to seal a juvenile's record after dismissal of the case under that statute. In the alternative, C.H. argues that even if the court did not have express statutory authority to seal the record, the Rules of General Application provide the court with that authority.

Under the deferred disposition provision of the Juvenile Justice Act of 1977 (JJA), when a respondent successfully completes the conditions of supervision that the court has imposed, "the respondent's conviction shall be vacated and the court shall dismiss the case with prejudice." RCW 13.40.127(9). The statute further provides that "[a] successfully completed . . . deferred disposition shall not be considered part of the respondent's criminal history." RCW 13.40.020(7)(b). C.H. argues that these provisions mandate that the court must not only vacate his conviction, but must

also grant his motion to seal the record of the conviction.

Chapter 13.50 RCW governs the keeping and release of records by juvenile justice or care agencies. RCW 13-.50.050(2) expressly provides that "[t]he official juvenile court file of any alleged or proven juvenile offender shall be open to public inspection, unless sealed pursuant to subsection (12) of this section." Under subsection 12 of the statute, for class B offenses other than sex offenses, a court will grant a motion to seal a juvenile court file if it finds that "since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent ten consecutive years in the community without committing any offense or crime that subsequently results in conviction." RCW 13.50.050(12)(a).[2] Thus, RCW 13.50.050(12) requires the court to wait at least 10 years after entry of disposition before it may seal C.H.'s juvenile court file.

C.H. attempts to avoid the effects of RCW 13.50.050(12) by arguing that the subsection does not apply to deferred dispositions. Again, the subsection provides that the court shall grant a motion to seal the juvenile record for a class B offense if it finds that, "since the last date of *release from confinement* . . . or *entry of disposition*, the person has spent ten consecutive years in the community without committing any offense or crime that subsequently results in conviction." RCW 13.50.050(12)(a) (emphasis added). C.H. argues that because a deferred disposition offender never receives a sentence, he is neither released from confinement nor receives entry of disposition. Thus, he concludes, the statutory language does not incorporate deferred disposition offenders.

■ ■ We are not persuaded by C.H.'s argument that RCW 13.50.050(12) does not apply to deferred dispositions. Although a juvenile offender who receives a deferred dispo-

---

[2] The court must also find that: (1) "[n]o proceeding is pending against the moving party seeking the conviction of a juvenile offense or criminal offense"; (2) "[n]o proceeding is pending seeking the formation of a diversion agreement with that person"; (3) "[t]he person has not been convicted of a class A or sex offense"; and (4) "[f]ull restitution has been paid." RCW 13.50.050(12)(b), (c), (d), (e).

sition is never sentenced, he still receives an "entry of disposition." Undefined statutory terms are given their usual and ordinary meaning. *Port of Seattle v. Dep't of Revenue*, 101 Wn. App. 106, 111, 1 P.3d 607 (2000). *Black's Law Dictionary* defines "disposition" as "the sentencing *or other final settlement of a criminal case.*" BLACK'S LAW DICTIONARY 471 (6th ed. 1990) (emphasis added). When a court vacates a juvenile offender's conviction and dismisses the case under the deferred disposition alternative, this is the final settlement of the case. The date on which these events occur, therefore, can determine whether sufficient time has passed to warrant sealing the offender's file under RCW 13.50.050(12). Read this way, each provision of the statute is given its full effect, no portion is rendered meaningless or superfluous, and the interpretation is not forced, unlikely, or strained.

 However, the Rules of General Application (GR) expressly authorize all Washington courts to seal records. *In re Dependency of J.B.S.*, 122 Wn.2d 131, 137, 856 P.2d 694 (1993). GR 15(c)(1)(B) provides:

> Subject to the provisions of RCW 4.24 and CR 26(j), on motion of any interested person in a criminal case or juvenile proceeding, or on the court's own motion, and after a hearing, the court may order the files and records in the proceeding, or any part thereof, to be sealed if the court finds that such action is expressly permitted by statute *or that there are compelling circumstances requiring such action.*

A court may order a criminal record sealed without express statutory authority under GR 15(c)(1)(B), if it finds that compelling circumstances require such action. *State v. Noel*, 101 Wn. App. 623, 628, 5 P.3d 747 (2000). The proponent of sealing must make some showing of the need for sealing, and the court must weigh the competing interests for sealing against the public's interest in open access to the files. *See Dependency of J.B.S.*, 122 Wn.2d at 138.

GR 15(c)(1)(B) provides a court with authority to seal a criminal record even when the rule conflicts with a particular statute. "When a court rule and procedural statute are

inconsistent, the court rule governs; however, this court makes every effort to harmonize such apparent conflicts." *State v. Blilie*, 132 Wn.2d 484, 491, 939 P.2d 691 (1997). The sealing of a criminal record is a procedural matter. *Noel*, 101 Wn. App. at 628. This is because:

> No substantive rights of either the State, as prosecutor, or the defendant are affected. The ability of the State to use sealed convictions in future criminal proceedings is not impinged, as it is when records are destroyed. The sole effect of sealing is on the public's right of access to the files.

*Noel*, 101 Wn. App. at 628.

We hold, therefore, that the trial court erred in concluding that it had no authority to grant C.H.'s motion to seal his juvenile court file. We reverse the court's order and remand for a hearing to determine whether sealing C.H.'s record is appropriate under GR 15(c).

Reversed and remanded.

GROSSE and WEBSTER, JJ., concur.

Reconsideration denied September 7, 2001.