201 P.3d 413 (2009)
STATE of Washington, Respondent,
v.
M.C., D.O.B. 7/26/90, Appellant.
No. 61164-0-I.
Court of Appeals of Washington, Division 1.
February 23, 2009.
*414 Dana M. Lind, Nielsen Broman Koch PLLC, Jennifer L. Dobson, Attorney at Law, Seattle, WA, for Appellant.
Heidi Joanne Jacobsen-Watts, King County, King County Prosecuting Attorney's Office, Seattle, WA, Marco Antonio Acevedo, Tucson, AZ, for Respondent.
BECKER, J.
¶ 1 Appellant M.C. was required to pay a victim penalty assessment as a condition of the order deferring disposition of his case under RCW 13.40.127. Another statute provides that a victim penalty assessment shall be imposed when "any juvenile is adjudicated of any offense in any juvenile offense disposition under Title 13 RCW." RCW 7.68.035(1)(b). Because a deferred disposition is not a "juvenile offense disposition," the trial court lacked authority to impose a victim penalty assessment.
¶ 2 The State charged M.C. with second-degree theft and second degree attempted taking of a motor vehicle without permission. M.C. moved successfully for an order granting a deferral of disposition. At the State's request, and over M.C.'s objection, in January 2008 the court required M.C. to pay a victim penalty assessment:
THE COURT FINDS that the language of RCW 13.40 makes it clear that a Deferred Disposition is a disposition alternative. Therefore, when this court grants a deferred disposition, a disposition occurs. Furthermore, RCW 7.68.035(1)(b) is clear that the victim penalty assessment shall be imposed at disposition.
THEREFORE, the Respondent's Motion is denied. The Victim Penalty Assessment of RCW 7.68.035 is required as a condition of a Deferred Disposition under RCW 13.40.127.
M.C. appeals.[1]
¶ 3 By statute, a juvenile court has discretion under certain circumstances to defer entry of an order of disposition when an offender is adjudicated and to continue the case for up to a year. A juvenile who agrees to a deferral of disposition must stipulate to the admissibility of the facts contained in the written police report, and acknowledge that the report will be entered and used to support a finding of guilt and to impose a disposition if the juvenile fails to comply with terms of supervision. RCW 13.40.127(3)(a), (b). A juvenile who is granted a deferral of disposition is to be placed under community supervision. RCW 13.40.127(4). "If a juvenile fails to comply with terms of supervision, the court shall enter an order of disposition." RCW 13.40.127(7). But if the juvenile fully complies with the conditions of supervision and pays full restitution, "the respondent's conviction shall be vacated and the court shall dismiss the case with prejudice." RCW 13.40.127(9).
¶ 4 The statute governing victim penalty assessments provides:
When any juvenile is adjudicated of any offense in any juvenile offense disposition under Title 13 RCW . . . there shall be imposed upon the juvenile offender a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be one hundred dollars for each case or cause of action that includes one or more adjudications for a *415 felony or gross misdemeanor and seventy-five dollars for each case or cause of action that includes adjudications of only one or more misdemeanors.
RCW 7.68.035(1)(b). "Adjudication" has the same meaning as "conviction." RCW 13.04.011(1).
¶ 5 M.C. contends that the statutory victim penalty assessment cannot be imposed upon a juvenile offender at the time an order deferring a disposition is entered. The State, on the other hand, contends that the court must impose a victim penalty assessment whenever a juvenile is adjudicated guilty of an offense, even when the disposition is deferred.
¶ 6 Statutory interpretation is a question of law that we review de novo. In interpreting statutory provisions, the primary objective is to ascertain and give effect to the intent and purpose of the legislature in creating the statute. To determine legislative intent, we look first to the language of the statute. If a statute is clear on its face, its meaning is to be derived from the plain language of the statute alone. Legislative definitions included in the statute are controlling, but in the absence of a statutory definition this court will give the term its plain and ordinary meaning ascertained from a standard dictionary. A statute is unclear if it can be reasonably interpreted in more than one way. However, it is not ambiguous simply because different interpretations are conceivable. We are not obliged to discern any ambiguity by imagining a variety of alternative interpretations. An unambiguous statute is not subject to judicial construction. State v. Watson, 146 Wash.2d 947, 954-55, 51 P.3d 66 (2002).
¶ 7 A victim penalty assessment must be imposed when "any juvenile is adjudicated of any offense in any juvenile offense disposition." According to the State, adjudication  the finding of guilt  is the event that triggers imposition of a victim penalty assessment. This reasoning does not, however, account for the words "in any juvenile offense disposition."
¶ 8 The question here is whether an order of deferred disposition under RCW 13.40.127 is a type of "juvenile offense disposition" for purposes of RCW 7.68.035(1)(b). The trial court reasoned that when a disposition is deferred, a disposition occurs.
¶ 9 We have previously considered the meaning of the term "disposition" as used in the deferred disposition statute. State v. C.R.H., 107 Wash.App. 591, 596, 27 P.3d 660 (2001). We held there that "disposition" is "the sentencing or other final settlement of a criminal case." C.R.H., 107 Wash.App. at 596, 27 P.3d 660, quoting BLACK'S LAW DICTIONARY, 471 (6th ed.1990). When a trial court defers disposition of a juvenile offense under RCW 13.40.127, there has been no final settlement of the case. "Defer" means "to postpone" or "delay." BLACK'S LAW DICTIONARY 454 (8th ed.2004). To enter an order deferring the disposition means that the actual disposition will occur at some future time, depending on the juvenile's future conduct. Disposition may occur when the conviction is vacated and dismissed with prejudice under RCW 13.40.127(9) because the juvenile satisfied the terms of supervision. Or it may occur when an order of disposition is entered after a case proceeds to "disposition hearing" under RCW 13.40.150 because the juvenile did not satisfy the terms of supervision. The statute thus unambiguously provides that an order deferring disposition is not itself a disposition.
¶ 10 We note that RCW 13.40.127 requires payment of restitution as a condition to receiving an order deferring disposition. It does not contain any language expressly requiring payment of a victim's penalty assessment.
¶ 11 We conclude that RCW 7.68.035(1)(b) does not permit a court to impose a victim penalty assessment upon a juvenile offender when an order deferring disposition is entered under RCW 13.40.127.
¶ 12 Reversed.
WE CONCUR: DWYER, A.C.J., and APPELWICK, J.
NOTES
[1] M.C.'s appeal is technically moot because his deferred disposition has since been revoked for failure to comply with the conditions. We elect, however, to decide his appeal on the merits because it involves a matter of continuing and substantial public interest. See In re Interests of M.B., 101 Wash.App. 425, 432-33, 3 P.3d 780 (2000).