FILED
COURT OF APPEALS
DIVISION II

2013 APR 16 AM 9: 09

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43080-1-II |
| Respondent/<br>Cross-Appellant, | |
| v. | |
| A.C.S., † | UNPUBLISHED OPINION |
| Appellant/<br>Cross-Respondent. | |

JOHANSON, J. — A.C.S. appeals the juvenile court's imposition of one day of detention and a $100 crime victim penalty assessment as part of a deferred disposition. The State cross appeals the juvenile court's denial of its request to impose a deoxyribonucleic acid (DNA) collection fee. We hold that RCW 13.40.127(5)[1] does not authorize the juvenile court to impose detention, the $100 crime victim penalty assessment or the DNA collection fee. Accordingly, we reverse, vacate and remand for correction of the deferred disposition order to delete the order of

---

† It is appropriate to provide some confidentiality in this case. Accordingly, it is hereby ordered that initials will be used in the case caption and in the body of the opinion to identify the juvenile appellant involved.

[1] RCW 13.40.127(5) provides:
> Any juvenile granted a deferral of disposition under this section shall be placed under community supervision. The court may impose any conditions of supervision that it deems appropriate including posting a probation bond. Payment of restitution under RCW 13.40.190 shall be a condition of community supervision under this section.

detention and the crime victim penalty assessment fee and we affirm the juvenile court's decision not to impose a DNA collection fee.[2]

## FACTS

The State charged A.C.S. with residential burglary, third degree theft and possession of a controlled substance. On January 20, 2012, he entered guilty pleas in open court to the charges. On February 10, 2012, the juvenile court entered a deferred disposition order on all three pleas.

The juvenile court imposed two deferred disposition conditions to which A.C.S. objected: one day of detention[3] and payment of a $100 crime victim penalty assessment. A.C.S. appeals the imposition of these conditions. The State cross appeals the juvenile court's denial of its request that it assess a $100 DNA collection fee.

## ANALYSIS

### I. Standard of Review

This appeal requires us to interpret the deferred disposition statute, RCW 13.40.127. Statutory interpretation is a question of law reviewed de novo. *State v. I.K.C.*, 160 Wn. App. 660, 665, 248 P.3d 145 (2011). Our objective is to ascertain the legislature's intent. *I.K.C.*, 160 Wn. App. at 665. We first examine the statutory language and, if the language is clear, we derive the statute's meaning from that plain language. *I.K.C.*, 160 Wn. App. at 665.

---

[2] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

[3] The court's order imposing one day of detention does not specify the crime to which it attached. At the deferred disposition hearing, the juvenile court also sentenced A.C.S. for an unrelated malicious mischief adjudication. It gave him seven days' credit for time served on that offense, out of eight days he had served. The parties discussed applying the remaining one day of credit to the controlled substance possession count. But the record also suggests that the one day of credit was applied to the burglary count.

## II. Confinement

A.C.S. contends that RCW 13.40.127(5) does not provide for a term of confinement. We agree.

In *State v. I.K.C.*, we recently held that confinement is not a "condition[] of supervision" authorized by the deferred disposition statute. 160 Wn. App. at 669. We stated that "the plain language of RCW 13.40.127 does not allow juvenile courts to impose detention as a condition of community supervision for deferred dispositions."[4] *See also* former RCW 13.40.020(4)(a)-(d) (2010) (omitting confinement as an authorized community custody term).

The State attempts to distinguish *I.K.C.* because the juvenile in *I.K.C.* did not enter a guilty plea before receiving a deferred disposition and, instead, stipulated to the truth of the facts in the police report. RCW 13.40.127(3). The State contends here that because A.C.S. pleaded guilty, the court was authorized to sentence A.C.S. to confinement in the same way it could for any other crime to which a juvenile pleads guilty or is adjudicated guilty. This argument is unavailing.

RCW 13.40.127(3)(a) and (b) provide that a deferred disposition may be based on a stipulation by the juvenile to the admissibility of facts in a police report acknowledging that the

---

[4] In *I.K.C.*, although the matter was technically moot because the juvenile had served the detention imposed, we nevertheless considered the merits of the appeal because it presented an issue of public interest. 160 Wn. App. at 664. Because it appears that this practice may be continuing, we address the merits of the parties' appeal.

"report will be entered and used to support a finding of guilt" if the juvenile does not comply with deferred disposition terms and also on a guilty plea. For example, the statute permits the juvenile court to "continue the case for disposition for a period of one year from the date the juvenile is *found guilty*." RCW 13.40.127(2) (emphasis added). And RCW 13.40.127(4) states: "Following the stipulation, acknowledgment, waiver, and entry of a finding or *plea of guilt*, the court shall defer entry of an order of disposition of the juvenile." (Emphasis added.)

Accordingly, A.C.S.'s guilty pleas did not remove his case from the purview of RCW 13.40.127 and the juvenile court was not authorized to confine A.C.S. Although he has already served the detention term, we reverse and vacate the order of detention and remand for correction of the deferred disposition order. *Contra I.K.C.*, 160 Wn. App. at 669.

### III. Crime Victim Penalty Assessment

In addition to confinement, the juvenile court imposed a $100 crime victim penalty assessment. A.C.S. relies on *State v. M.C.*, a Division One case that struck down this fee in deferred dispositions. 148 Wn. App. 968, 201 P.3d 413 (2009); *but see State v. Y.I.*, 94 Wn. App. 919, 922, 973 P.2d 503 (1999) (assuming crime victim penalty assessment was authorized but concluding that juvenile court lacked jurisdiction to enforce payment after deferred disposition period expired).

*M.C.* examined the language of RCW 7.68.035(1)(b), which provides that a crime victim penalty shall be imposed when "any juvenile is adjudicated of any offense in any juvenile offense disposition under Title 13 RCW." 148 Wn. App. at 969. It rejected the State's argument

No. 43080-1-II

that the "adjudication—the finding of guilt—is the event that triggers imposition of a victim penalty assessment." *M.C.*, 148 Wn. App. at 971. Rather, it concluded that the phrase "in any juvenile offense disposition" means a "final settlement of the case." *M.C.*, 148 Wn. App. at 971-72. Because final disposition is deferred under RCW 13.40.127, meaning, "the actual disposition will occur at some future time," a crime victim penalty assessment cannot be imposed when disposition is deferred. *M.C.*, 148 Wn. App. at 972.

We agree with Division One's holding in *M.C.* that a deferred disposition is not yet a "juvenile offense disposition" under RCW 7.68.035 because the actual disposition has not occurred. Accordingly, we reverse and vacate the juvenile court's imposition of the crime victim penalty assessment and remand for correction of the deferred disposition order.

### IV. State's Cross Appeal

The State appeals the juvenile court's failure to impose a $100 DNA collection fee.[5] We affirm the juvenile court's denial of the State's request to impose this fee.

The DNA collection fee statute[6] provides: "Every sentence imposed for a crime specified

---

[5] A.C.S. moves to strike the cross appeal due to an untimely notice.

The superior court entered the deferred disposition order on February 10, 2012. A.C.S. filed a notice of appeal on February 15, 2012. The State filed a notice of cross appeal on March 5, 2012. RAP 5.2(f) provides that such a notice be filed "within the later of (1) 14 days after service of the notice filed by the other party, or (2) the time within which notice must be given as provided in sections (a), (b), (d) or (e)." The State filed the notice of cross appeal within 30 days after the entry of the deferred disposition order and thus within the time limit as provided in RAP 5.2(a). Accordingly, it is timely and we deny A.C.S.'s motion to strike.

[6] We note one reported case addressing DNA collection in the context of a deferred disposition, but it did not address whether a juvenile court had statutory authority to impose the DNA collection fee. *State v. J.O.*, 165 Wn. App. 570, 576-77, 265 P.3d 991 (2011) (examining whether juvenile court had the authority to order DNA collection after juvenile's term of community supervision expired).

5

in RCW 43.43.754 must include a fee of one hundred dollars."[7] RCW 43.43.7541. Thus, the DNA collection fee is part of the "sentence" a trial court imposes on an adult or juvenile for specified crimes. RCW 43.43.7541.

Division One also discussed the parallels between "disposition" and "sentencing" in *M.C.*, and concluded that "sentencing" is included within the definition of "disposition." 148 Wn. App. at 972 (citing BLACK'S LAW DICTIONARY 471 (6th ed. 1990) for the definition of "disposition" as "the sentencing *or other final settlement of a criminal case*"). *M.C.* cited to *State v. C.R.H.*, which acknowledged that "a juvenile offender who receives a deferred disposition is never sentenced." 107 Wn. App. 591, 595-96, 27 P.3d 660 (2001) (examining court's authority to seal a juvenile record of a deferred disposition).

*M.C.* and *C.R.H.* support the conclusion that to defer disposition is to delay the "sentencing or other final settlement" of a juvenile criminal matter. *M.C.*, 148 Wn. App. at 972; *C.R.H.*, 107 Wn. App. at 596. Consequently, we hold that because the DNA collection fee under RCW 43.43.7541 accrues at "sentencing," the juvenile court cannot impose the fee if the juvenile court defers disposition. Accordingly, we affirm the juvenile court's decision denying the imposition of a DNA collection fee in A.C.S.'s deferred disposition order.

We reverse, vacate, and remand for correction of the juvenile court's deferred disposition

---

[7] The related DNA collection statute provides that "[e]very adult or juvenile individual convicted of a felony" must submit a DNA sample. RCW 43.43.754(1)(a). We note that the State appeals only the failure to impose the DNA *fee*.

No. 43080-1-II

order imposing one day of detention and the $100 crime victim penalty assessment and we affirm its denial of the imposition of the DNA collection fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, P. C. J.
————————————————
Johanson, J.

We concur:

————————————————
Worswick, C.J.

————————————————
Penoyar, J.

7