
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37166-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| I.A.S.,[†] | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — I.A.S. and the State ask us to review the recurring issue of whether a juvenile who is granted a deferred disposition is required to submit to DNA[1] collection upon conviction, or only if and when the deferred disposition is revoked and an order of disposition is entered. I.A.S. argues that DNA collection should be deferred and should not occur if the conviction is vacated. The State argues DNA collection is required upon conviction.

---

[†] To protect the privacy interests of the minor, we use his initials throughout this opinion. General Order for the Court of Appeals, *In re Changes to Case Title*, (Aug. 22, 2018), effective Sept. 1, 2018.

[1] Deoxyribonucleic acid.

Plain language in former RCW 43.43.754 (2019) required that the juvenile submit

to DNA collection upon conviction. We affirm the trial court's order that a biological

sample be collected from I.A.S. and that he fully cooperate in the testing.[2]

PROCEDURAL BACKGROUND

The facts underlying the five criminal charges against I.A.S. for offenses

committed when he was 17 are not important. I.A.S. moved for a deferred disposition of

his charges.

The trial court ordered a deferred disposition. Over a defense objection, it ordered

DNA to be collected from I.A.S. as provided by RCW 43.43.754, but agreed not to

impose the DNA fee provided by RCW 43.43.7541 until and unless the deferral was

revoked and an order of disposition was entered on the findings that I.A.S. was guilty.

A defense motion for reconsideration, renewing I.A.S.'s objection to collection of

his DNA, was denied. The trial court granted I.A.S.'s request to stay collection of his

DNA subject to a timely appeal. I.A.S. appeals.

ANALYSIS

I.A.S. argues the court did not have authority to order DNA collection before a

final disposition.

---

[2] A similar result is reached in *State v. M.Y.G.*, case no. 37240-5-III, filed today, in which DNA collection upon conviction was challenged on somewhat different grounds.

Under RCW 13.40.127, juvenile courts have the authority to defer imposing a sentence for eligible juveniles through a deferred disposition. A juvenile offender granted a deferred disposition must plead guilty or otherwise submit to a finding of guilt and is placed on community supervision for a period not to exceed one year. RCW 13.40.127(2), (5). "The court may impose any conditions of supervision that it deems appropriate." RCW 13.40.127(5). The court's finding of guilt is consistently characterized by the deferred disposition statute as a "conviction." At the conclusion of the period of supervision, if the court finds that the juvenile has completed the terms of supervision, "the juvenile's *conviction* shall be vacated" and the court dismisses the case with prejudice. RCW 13.40.127(9)(b) (emphasis added) ("[A] conviction under RCW 16.52.205" is an exception.). "A deferred disposition shall remain a *conviction* unless the case is dismissed and the conviction is vacated pursuant to (b) of this subsection or sealed pursuant to RCW 13.50.260." RCW 13.40.127(9)(c) (emphasis added). *And see* RCW 13.40.127(5) (evaluation authorized for juveniles "convicted of animal cruelty" whose disposition is being deferred).

Under RCW 43.43.754(1), "[a] biological sample must be collected for purposes of DNA identification analysis from . . . [e]very adult or juvenile individual *convicted* of a felony" or certain other enumerated offenses, as well as anyone required to register as a sex offender. (Emphasis added.) At the time the trial court entered the order deferring I.A.S.'s disposition, the statute provided that for persons subject to the DNA collection

3

requirement who were serving a term of confinement in a city or county jail facility, the city or county jail facility was responsible for obtaining the biological samples. RCW 43.43.754(5)(a). For those who were serving or "are to serve" a term of confinement in a Department of Corrections (DOC) facility or a Department of Children, Youth and Families (DCYF) facility, the facility holding the person was responsible for collecting the biological sample. RCW 43.43.754(5)(c).

For those like I.A.S. who would not be confined during the period of community supervision, the law provided:

> (5) Biological samples shall be collected in the following manner:
>
> . . . .
>
> (b) The local police department or sheriff's office shall be responsible for obtaining the biological samples for:
>
> (i) Persons convicted of any offense listed in subsection (1)(a) of this section or adjudicated guilty of an equivalent juvenile offense, who do not serve a term of confinement in a department of corrections facility, department of children, youth, and families facility, or a city or county jail facility; . . .
>
> . . . .
>
> (6) *For persons convicted of any offense listed in subsection (1)(a) of this section or adjudicated guilty of an equivalent juvenile offense, who will not serve a term of confinement, the court shall order the person to report to the local police department or sheriff's office as provided under subsection (5)(b)(i) of this section within a reasonable period of time established by the court in order to provide a biological sample.* The court must further inform the person that refusal to provide a biological sample is a gross misdemeanor under this section.

4

Former RCW 43.43.754(5)(b)(i), (6) (2019) (emphasis added). Following amendment earlier this year, RCW 43.43.754(d) now provides that for persons who will not serve a term of confinement, "the court shall . . . if the local police department or sheriff's office has a protocol for collecting the biological sample in the courtroom, order the person to immediately provide the biological sample to the local police department or sheriff's office before leaving the presence of the court." LAWS OF 2020, ch. 26, § 7.

I.A.S. argues that he is entitled to avoid the DNA collection consequence of a conviction because of his deferred disposition. He points out that children receive many protections that are not available to adult defendants because of the rehabilitative focus of juvenile proceedings, and deferred dispositions are an example: the purpose of a deferred disposition is for the child to avoid the lasting consequences of a criminal conviction. He points to *State v. M.C.*, 148 Wn. App. 968, 972, 201 P.3d 413 (2009), in which the court held a victim penalty assessment may not be imposed when an order deferring disposition is entered under RCW 13.40.127 because an order deferring disposition is not a disposition. He points to the fact that a separate statute, RCW 43.43.7541, imposes a DNA fee on offenders at the time of sentencing, not at the time of conviction. He argues that the statutory provision that the court order a juvenile in I.A.S.'s circumstances to report to a local police department or sheriff's department for collection "within a reasonable period of time established by the court" is ambiguous and, applying the rule of lenity, the ambiguity must be resolved in his favor. He contends the language can

5

reasonably be construed to mean the conclusion of the period of supervision, when (and if) the court enters an order of disposition.

Statutory interpretation is a question of law reviewed de novo. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). Our fundamental purpose in construing statutes is to ascertain and carry out the intent of the legislature. *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011). "If the statute's meaning is plain on its face" we will "give effect to that plain meaning as the expression of what was intended." *Tracfone Wireless, Inc. v. Dep't of Revenue*, 170 Wn.2d 273, 281, 242 P.3d 810 (2010). "For a statute to be ambiguous, two reasonable interpretations must arise from the language of the statute itself, not from considerations outside the statute." *Cerrillo v. Esparza*, 158 Wn.2d 194, 203-04, 142 P.3d 155 (2006). An amendment to a statute "may be strong evidence of what the Legislature intended in the original statute." *Moen v. Spokane City Police Dep't*, 110 Wn. App. 714, 719, 42 P.3d 456 (2002). RCW 43.43.754(1)(a) unambiguously provides that a biological sample must be collected for purposes of DNA identification analysis from every juvenile convicted of a felony. I.A.S. does not dispute that he has been adjudicated, albeit on a provisional basis, of a qualifying crime. I.A.S. even acknowledges he falls in the category described in RCW 43.43.754(6). Br. of Appellant at 13. He merely argues that the "reasonable period of time" for the sample to be provided could mean waiting out the

6

period of supervision and deeming the collection requirement inapplicable if the case is dismissed and the conviction vacated.

We are unpersuaded. Nothing in RCW 43.43.754 suggests that "reasonable time" is contingent on the conclusion of further proceedings. The presumptive time to collect the DNA of persons who are serving or are to serve a term of confinement in a DOC or DCYF facility is the earliest time it *can* be collected by the facility: as part of the intake process. RCW 43.43.754(5)(c). The statute now requires that a juvenile's DNA be collected immediately, in the courtroom, if a law enforcement protocol for courtroom collection exists. Considering all that the legislature has said in the statute, it is absurd to construe "reasonable time" as meaning a period of time as long as nine months or a year. *See Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002) (Plain meaning is discerned from all that the legislature has said in the statute and related statutes that disclose legislative intent about the provision in question.).

The fact that the DNA collection fee is imposed at the time of sentencing does not create ambiguity. Imposing the fee at that time is merely consistent with imposing other costs, fines, and restitution as part of the sentencing process. It is not a reason for construing RCW 43.43.754 as meaning something other than what it says.

Finally, *M.C.* is not helpful to I.A.S.'s argument. It turned on plainly different statutory language. Division One of this court held that a victim penalty assessment could not be imposed at the time of an order deferring a disposition because the relevant

7

statute, former RCW 7.68.035(1)(b) (2000), provided that the fee was imposed when the juvenile was adjudicated of an offense "in any juvenile offense *disposition*." (Emphasis added.) Relying on an earlier case in which it had considered the meaning of the key word "disposition," the court held the statute "unambiguously provides that an order deferring disposition is not itself a disposition." *M.C.*, 148 Wn. App. at 972. RCW 43.43.754 does not provide that DNA collection takes place at the time of a "juvenile offense disposition." Notably, RCW 7.68.035(1)(b) was amended following *M.C.* to drop the reference to a "juvenile offense disposition." The statute now imposes the victim penalty assessment upon adjudication. *Id.*, *see* LAWS OF 2015, ch. 265, § 8.

The trial court's order that a biological sample be collected from I.A.S. and that I.A.S. fully cooperate in the testing is affirmed.

_____
Siddoway, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Fearing, J.

8