[No. 68361-6-I.    Division One.    July 2, 2012.]

THE STATE OF WASHINGTON, *Appellant*, v. D.P.G., *Respondent*.

*Mark E. Lindquist, Prosecuting Attorney*, and *Erin Orbits, Deputy*, for appellant.

*Lise Ellner*, for respondent.

¶1 Cox, J. — The Juvenile Justice Act of 1977 (JJA), chapter 13.40 RCW, mandates the payment of restitution to anyone suffering loss or damage as a result of an offense committed by a juvenile.[1] If a juvenile fails to comply with the terms of a deferred disposition, the court "shall enter an order of disposition."[2]

¶2 Here, D.P.G. sought and obtained from the court a deferred disposition that required, among other things, payment of restitution. The court subsequently reviewed and reduced the amount of restitution. It is undisputed that D.P.G. never paid any restitution, but completed all other terms and conditions of the deferred disposition. Despite his failure to pay restitution, the court dismissed the case and allowed the restitution order to stand. Because this decision of the trial court was contrary to the plain words of the statute, we reverse and remand with directions.

¶3 In December 2009, the State charged D.P.G. as a juvenile by amended information as an accomplice to residential burglary. D.P.G. pleaded guilty. At the disposition hearing, he moved for a deferred disposition. The State opposed the request.

¶4 D.P.G.'s attorney acknowledged that the restitution requested by the State, over $26,000, was unlikely to be paid by her client, who was then 13 years old. But she argued that given D.P.G.'s history and the circumstances of this case, a deferred disposition was appropriate.

¶5 The State opposed a deferred disposition, largely on the basis of the amount of claimed restitution. The prosecutor stated:

[T]his amount of restitution, though there may be some picking at the total amount, it's not going to go down substantially, and

---

[1] *State v. A.M.R.*, 108 Wn. App. 9, 10, 27 P.3d 678 (2001); RCW 13.40.190.

[2] RCW 13.40.127(7).

at $26,000, that's just not in the ballpark for a deferred disposition.[3]

¶6 Despite the State's opposition, the court, exercising its discretion, granted a deferred disposition. The court later entered an order setting restitution in the amount of $26,658. At a subsequent review, the court lowered the amount of restitution owed by $4,000.

¶7 The State moved to revoke the deferred disposition three months after the revision of restitution. At the revocation hearing, the State noted that D.P.G. had not paid any of the ordered restitution. Because restitution was a component of his deferred disposition, the State argued that the court should revoke the deferred disposition and enter a final disposition order.

¶8 D.P.G.'s attorney pointed out that D.P.G. was not in a position to pay the restitution. She explained that he was then 14 years old. Because his only parent is at work until 6:30 p.m., D.P.G.'s afternoons are spent taking care of his 12 year old autistic brother and 9 year old sister. D.P.G.'s attorney argued that because he had complied with all other requirements of his deferred disposition other than restitution, the court should dismiss the case with prejudice but allow the restitution order to stand.

¶9 The court entered an order dismissing D.P.G.'s deferred disposition with prejudice. The order includes a statement that D.P.G. "to-date [has] failed to complete all the requirements of the Deferred Disposition."[4] The order also contains an interlineation stating that "the outstanding restitution order shall remain in effect."[5]

¶10 The State appeals.

---

[3] Report of Proceedings (Apr. 7, 2010) at 7.

[4] Clerk's Papers at 51.

[5] *Id.* at 70.

## FAILURE TO COMPLY WITH THE TERMS OF THE DEFERRED DISPOSITION

¶11 The State argues that the court did not have the authority to dismiss the case when D.P.G. failed to make any restitution payments, in violation of the deferred disposition requirements. We agree.

¶12 In 1997, the legislature amended the JJA and added the deferred disposition sentencing alternative, RCW 13.40.127, which allows certain first time juvenile offenders to receive a single deferred disposition.[6] "When a deferred disposition is granted, the respondent is found guilty upon stipulated facts, and disposition is deferred pending satisfaction of conditions of supervision that the court specifies."[7] If the juvenile completes all supervision conditions, the conviction will be vacated and the case dismissed with prejudice.[8] But if the juvenile fails to complete such conditions, the deferral is revoked and the court enters an order of disposition.[9]

¶13 RCW 13.40.127 sets forth the terms and conditions for deferred dispositions. This statute permits a court, exercising its sound discretion, to grant a deferred disposition. In such a case, the court "*may* impose any conditions of supervision that it deems appropriate," but "[p]ayment of restitution under RCW 13.40.190 *shall* be a condition of community supervision . . . ."[10]

¶14 This statute further specifies that

(7) A juvenile's lack of compliance shall be determined by the judge upon written motion by the prosecutor or the juvenile's

---

[6] *State v. C.R.H.*, 107 Wn. App. 591, 593 n.1, 27 P.3d 660 (2001).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] RCW 13.40.127(5) (emphasis added).

juvenile court community supervision counselor. *If a juvenile fails to comply with terms of supervision, the court shall enter an order of disposition.*

. . . .

(9) At the conclusion of the period set forth in the order of deferral and *upon a finding by the court of* full compliance with conditions of supervision and *payment of full restitution,* the respondent's conviction shall be vacated and the court shall dismiss the case with prejudice . . . .[11]

¶15 Statutory interpretation is a question of law reviewed de novo.[12] A court's fundamental objective in reading a statute is to ascertain and carry out the legislature's intent.[13] We first look to a statute's plain language to determine its intent.[14] "If the plain language is subject to only one interpretation, our inquiry ends because plain language does not require construction."[15]

■ ¶16 Here, it is undisputed that D.P.G. failed to pay any of the restitution. The court's order dismissing the case memorializes this fact by stating that he "failed to complete all the requirements of the Deferred Disposition."[16] Despite the clear command of the statute that requires entry of an order of disposition upon the undisputed failure to comply with the restitution condition of the deferred disposition, the court dismissed the case. This was error.

¶17 The legislature could not have been clearer in expressing its intent that this was not a proper exercise of discretion by the court. Subsection 7 of RCW 13.40.127 requires the entry of an order of disposition upon the failure

---

[11] RCW 13.40.127 (emphasis added).

[12] *State v. Wentz,* 149 Wn.2d 342, 346, 68 P.3d 282 (2003).

[13] *Dep't of Ecology v. Campbell & Gwinn, LLC,* 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

[14] *Homestreet, Inc. v. Dep't of Revenue,* 166 Wn.2d 444, 451, 210 P.3d 297 (2009) (citing *State v. Armendariz,* 160 Wn.2d 106, 110, 156 P.3d 201 (2007)).

[15] *Id.* (citing *Armendariz,* 160 Wn.2d at 110; *State v. Thornton,* 119 Wn.2d 578, 580, 835 P.2d 216 (1992)).

[16] Clerk's Papers at 51.

to comply with the conditions of a deferred disposition. Subsection 9 reinforces the legislature's intent by requiring a finding by the court of "full compliance with conditions" and "payment of full restitution" before dismissal of a case.[17] The action of the court in this instance violates both of these clear statutory provisions.

¶18 D.P.G. argues that the lower court's dismissal with prejudice of his case is a "disposition" under RCW 13.40.127(7), but it is not. Subsection (7) states that "[i]f a juvenile *fails to comply with terms of supervision*, the court *shall enter an order of disposition*."[18] In contrast, subsection (9) reads "upon a finding by the court of full compliance with conditions of supervision and *payment of full restitution*, . . . the court shall *dismiss the case with prejudice*."[19] Here, the court did not enter a disposition. To argue that the court's dismissal is a disposition under subsection (7) would require this court to misread the plain language of RCW 13.40.127. We decline to do so and instead apply the rule of statutory interpretation that requires a court, whenever possible, to give effect to every word in a statute.[20] Thus, we reject D.P.G.'s argument.

¶19 Our conclusion regarding the requirement of RCW 13.40.127 is reinforced by the JJA's statement of purpose. Though the larger purpose of the JJA is both rehabilitation and punishment,[21] "one of the specifically enumerated aims of the Juvenile Justice Act . . . is to provide for

---

[17] RCW 13.40.127.

[18] RCW 13.40.127 (emphasis added).

[19] RCW 13.40.127 (emphasis added).

[20] *Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985).

[21] *See State v. T.C.*, 99 Wn. App. 701, 706-07, 995 P.2d 98 (2000) ("When resolving issues that depend upon the JJA's legislative purpose, we must ensure that our decision 'effectuates to the fullest possible extent both the purpose of rehabilitation and the purpose of punishment.'" (quoting *State v. Rice*, 98 Wn.2d 384, 394, 655 P.2d 1145 (1982))).

restitution to crime victims."[22] Thus, courts have held "that the purposes of juvenile restitution are victim compensation and offender accountability."[23] For these reasons, "the JJA is liberally construed in favor of imposing restitution."[24] This express aim of the JJA supports the requirement of restitution payment prior to vacation of a deferred disposition.

¶20 D.P.G. argues that *State v. J.A.*,[25] *State v. T.C.*,[26] and *State v. E.C.*[27] all demonstrate that under RCW 13.40.127, a court has broad discretion to fashion orders, such as the one entered here, to meet the needs of the child. These cases do hold that the JJA allows juvenile courts discretion in sentencing. But none dealt with the situation here: the Legislature's express limitation of a court's authority when dealing with a failure to comply with a statutory requirement—restitution. Here, this clear statutory provision limits the court's exercise of discretion in juvenile cases.

¶21 Neither *T.C.* nor *E.C.* addresses RCW 13.40.127. In *J.A.*, the court held that a juvenile judge has discretion to determine what constitutes compliance with the conditions of a deferred disposition under RCW 13.40.127, but this holding did not involve conditions of restitution.[28] There, *J.A.* violated the conditions of her supervision four days before full completion. The court noted that though RCW 13.40.127(9) required " 'full compliance with conditions of supervision,' " RCW 13.40.127(7) gave the judge discretion

---

[22] *A.M.R.*, 108 Wn. App. at 12 (citing *State v. Bennett*, 92 Wn. App. 637, 640-41, 963 P.2d 212 (1998) (citing *State v. Hartke*, 89 Wn. App. 143, 146-47, 948 P.2d 402 (1997); *Rice*, 98 Wn.2d at 392)).

[23] *Id.* at 12-13.

[24] *Bennett*, 92 Wn. App. at 641.

[25] 105 Wn. App. 879, 20 P.3d 487 (2001).

[26] 99 Wn. App. 701, 995 P.2d 98 (2000).

[27] 83 Wn. App. 523, 922 P.2d 152 (1996).

[28] *J.A.*, 105 Wn. App. at 887.

to determine " '[a] juvenile's lack of compliance . . . .' "[29] Pointing to the twin aims of rehabilitation and retribution, the court concluded that "subsection (5) sets a foundation for judicial discretion by allowing a juvenile court to impose 'any conditions' of a deferred disposition."[30]

¶22 Under RCW 13.40.127(5) "[t]he court may impose any conditions of supervision it deems appropriate." But while subsection (5) does allow judges discretion in the conditions of a deferred disposition, it does not currently do so for restitution. Rather, the statute requires that restitution "shall be a condition of community supervision." Thus, *J.A.* does not support D.P.G.'s argument.

¶23 D.P.G. also relies on *State v. Landrum*,[31] where we stated that if a juvenile lacks the ability to pay restitution, the court may not impose it.[32] But this analysis was based on an interpretation of the prior JJA. As we made clear in *State v. A.M.R.*,[33] the 1997 amendment eliminated the court's discretion regarding restitution.[34] Consequently, *Landrum* is unhelpful.

## ORDER OF RESTITUTION

¶24 D.P.G. next argues that the restitution order entered by the court must be vacated. He did not timely cross appeal the decision below, as the notation ruling of the court commissioner states. Accordingly, we do not address this request for affirmative relief.

---

[29] *Id.* at 884.

[30] *Id.* at 887 (quoting RCW 13.40.127(5)).

[31] 66 Wn. App. 791, 832 P.2d 1359 (1992).

[32] *Id.* at 794-95 n.4.

[33] 108 Wn. App. 9, 27 P.3d 678 (2001).

[34] *Id.* at 13.

¶25 We reverse the order dismissing the case and remand with instructions to revoke the order of dismissal, and enter an order of disposition.

SPEARMAN, A.C.J., and APPELWICK, J., concur.