

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75745-8-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| H.Z.-B., | ) | |
| | ) | |
| Respondent. | ) | FILED: November 20, 2017 |
| | ) | |

LEACH, J. — The State challenges the trial court's decision to seal H.Z.-B.'s juvenile record after she completed the requirements of her deferred disposition and the court dismissed her case with prejudice. The State contends that the relevant statutes require that the court wait until H.Z.-B. is 18 years old before it may seal her record. We disagree because the relevant statutes direct the court to seal a juvenile record when the case is dismissed with prejudice, as it was here. We affirm.

## FACTS

The State charged H.B.-Z. as a juvenile with taking a motor vehicle without permission in the second degree and theft in the third degree. The trial court granted H.Z.-B. a deferred disposition, as permitted by RCW 13.40.127. H.Z.-B. complied with the deferral conditions by paying $7 in restitution and

completing 16 hours of community service. The court vacated H.Z.-B.'s conviction and dismissed the case with prejudice.

H.Z.-B. asked the court to seal her juvenile record. At the time of the sealing hearing, H.Z.-B. was 15 years old. Over the State's objection, the court sealed her record.

The State appeals.

## ANALYSIS

The State contends that a trial court may not seal the record of a deferred disposition that results in dismissal with prejudice before a juvenile's 18th birthday. We disagree.

In general, appellate courts review trial court decisions to seal records for abuse of discretion.[1] But the State raises an issue of statutory interpretation. This presents a question of law that we review de novo.[2] A court's objective in reading a statute is to ascertain and carry out the legislature's intent.[3] The court first looks to the statute's plain language to determine the legislature's intent.[4] If the court finds that the statutory language can be given only one reasonable interpretation, its inquiry ends because that language requires no construction.[5]

---

[1] In re Dependency of M.H.P., 184 Wn.2d 741, 752, 364 P.3d 94 (2015).
[2] State v. D.P.G., 169 Wn. App. 396, 400, 280 P.3d 1139 (2012).
[3] D.P.G., 169 Wn. App. at 400.
[4] D.P.G., 169 Wn. App. at 400.
[5] D.P.G., 169 Wn. App. at 400.

"When interpreting an ambiguous statute, a court will construe it so as to effect the intent of the Legislature within the context of the entire statute."[6] The court must give effect to all language within the statute so that no portion is rendered meaningless or superfluous.[7]

The statutes at issue are RCW 13.50.260, which governs sealing juvenile records generally, and RCW 13.40.127, which controls deferred dispositions and contains provisions about sealing the records of those cases. The State contends that the plain language of RCW 13.40.127(10)(a) requires that a juvenile offender be 18 before a court may seal her completed deferred disposition. H.Z.-B. contends that RCW 13.50.260(2) authorizes a court to seal a record of a deferred disposition immediately if the court has dismissed the case with prejudice. We agree with H.Z.-B.

The plain language of the statutes supports H.Z.-B.'s position. RCW 13.50.260(2) states, "The court shall enter a written order immediately sealing the official juvenile court record upon the acquittal after a fact finding or upon the dismissal of charges with prejudice, subject to the state's right, if any, to appeal the dismissal." When a juvenile offender satisfies the conditions of a deferred disposition, the court vacates the conviction and dismisses the case

---

[6] State v. J.A., 105 Wn. App. 879, 885, 20 P.3d 487 (2001).
[7] J.A., 105 Wn. App. at 885.

-3-

with prejudice.[8]  Thus, the plain language of RCW 13.50.260(2) entitles H.Z.-B. to have her record sealed.  RCW 13.40.127(10)(b) reinforces this interpretation. RCW 13.40.127(10)(b) states that the subsection containing it does not prevent a juvenile from asking the court to seal her record: "Nothing in this subsection shall preclude a juvenile from petitioning the court to have the records of his or her deferred dispositions sealed under RCW 13.50.260."  Thus, the unambiguous language of these two provisions supports record sealing here.[9]

The State's contrary arguments do not persuade us.  At oral argument, the State acknowledged that it had previously not contested sealing the deferred disposition records of minors.  At some point, the Island County Prosecuting Attorney's Office changed this policy for reasons that counsel could not identify. It now claims that the office based this formerly accepted practice on an incorrect interpretation of the statutes.  The State contends that the language of RCW 13.40.127(10)(a) plainly supports its position.  The statute states,

> (i) Any time the court vacates a conviction pursuant to subsection (9) of this section, if the juvenile is eighteen years of age or older and the full amount of restitution owing to the individual victim named in the restitution order, excluding restitution owed to any

---

[8] RCW 13.40.127(9)(b).

[9] We note that RCW 13.40.127(9)(b) provides that the court shall dismiss the case with prejudice, while RCW 13.50.260(2) provides for sealing records upon dismissal of charges with prejudice.  This is a distinction without a difference, particularly as no reason for the difference is evident anywhere else in the statute.

insurance provider authorized under Title 48 RCW has been paid, the court shall enter a written order sealing the case.

(ii) Any time the court vacates a conviction pursuant to subsection (9) of this section, if the juvenile is not eighteen years of age or older and full restitution ordered has been paid, <u>the court shall schedule an administrative sealing hearing to take place no later than thirty days after the respondent's eighteenth birthday,</u> at which time the court shall enter a written order sealing the case.

(Emphasis added.) The State claims that this language plainly requires a court to wait until a defendant is 18 before sealing the record of a deferred disposition. But the statute does not say this. The statute requires a court to hold a hearing on the matter no later than 30 days after the respondent's 18th birthday. But it does not prohibit the court from holding a hearing or sealing a record before the 18th birthday. Thus, the plain text of RCW 13.40.127(10)(a) does not support the State's interpretation.

The State also contends that RCW 13.50.260(4)(c) supports its position because it contains the only express reference in RCW 13.50.260 to deferred dispositions.[10] The State contends that because RCW 13.50.260 expressly provides only for sealing deferred dispositions vacated before June 7, 2012, it applies only to those dispositions. The State asks us to infer that

---

[10] Notwithstanding the requirements in (a) or (b) of this subsection [(4)], the court shall grant any motion to seal records of any deferred disposition vacated under RCW 13.40.127(9) prior to June 7, 2012, if restitution has been paid and the person is eighteen years of age or older at the time of the motion. RCW 13.50.260(4)(c).

RCW 13.40.127(10)(a) applies to all other deferred disposition cases and provides the sole source of authority to seal records of deferred dispositions vacated after June 7, 2012. The State relies on the canon of construction that "'to express one thing in a statute implies the exclusion of the other. Omissions are deemed to be exclusions.'"[11] But RCW 13.50.260's failure to directly address post-June 7, 2012, deferred dispositions does not mean that it does not apply to those cases. Rather, the logical inference is that the rules are the same for post-June 7, 2012, deferred dispositions as for cases that do not involve deferred dispositions. This interpretation makes sense in light of RCW 13.40.127(10)(b), which states that juveniles with deferred dispositions have sealing rights under RCW 13.50.260.

Next, the State contends that permitting juveniles to seal their deferred disposition records conflicts with the provision stating that a juvenile may not have more than one deferred disposition.[12] The State asserts that if a court seals this record before the juvenile is 18, the State will have difficulty evaluating a juvenile's eligibility for a deferred disposition. As currently worded, the applicable statutes may cause some difficulty for the State in this context. While the rules provide that the prosecutor will be aware of a sealed record, it appears that no

---

[11] M.H.P., 184 Wn.2d at 756 (quoting In re Det. of Williams, 147 Wn.2d 476, 491, 55 P.3d 597 (2002)).
[12] "A juvenile is eligible for deferred disposition unless he or she . . . [h]as a prior deferred disposition or deferred adjudication." RCW 13.40.127(1)(c).

statutory mechanism exists to permit prosecutors to unseal juvenile records or know their contents for purposes of determining whether a juvenile has had a prior deferred disposition.[13] But this problem does not change the meaning of plain language.

The relevant statutes are not ambiguous about when a court may seal a deferred disposition record. We need to look no further than those statutes' plain language to affirm the trial court. We do not need to consider their legislative history. But both parties assert that this legislative history supports its position. So we explain why our reading of this history supports our decision.

The legislature first enacted RCW 13.40.127 in 1997.[14] In 2009, the legislature added RCW 13.40.127(10), addressing sealing deferred dispositions.[15] The legislature amended RCW 13.40.127(10) in 2012[16] and again

---

[13] RCW 13.50.260(8)(c) specifically provides, "The administrative office of the courts shall ensure that the superior court judicial information system provides prosecutors access to information on the existence of sealed juvenile records." Thus, the State should know if a juvenile has a sealed record, although it may not know the contents of the sealed record. It appears that no statutory mechanism exists to permit prosecutors to unseal a juvenile record. RCW 13.50.260(7) permits the subject of a sealed record to inspect the records, and the court may permit inspection of records under RCW 13.50.010(8) by specified parties, none of whom include the prosecutor. Juvenile records are automatically unsealed when the individual is charged with a subsequent adult felony, but a subsequent misdemeanor charge does not nullify a sealing order until after adjudication. RCW 13.50.260(8).

[14] LAWS OF 1997, ch. 338, § 21.

[15] LAWS OF 2009, ch. 236, § 1(10).

[16] LAWS OF 2012, ch. 177, § 1(10).

to its current version in 2015.[17] The 2009 provision reads, "Records of deferred disposition cases vacated under subsection (9) of this section shall be sealed no later than thirty days after the juvenile's eighteenth birthday provided that the juvenile does not have any charges pending at that time."[18] The State asserts that this former version of RCW 13.40.127(10) did not permit juvenile record sealing until after the offender's 18th birthday. But, like the current version, the statute sets a deadline for sealing a juvenile record but does not restrict a court from sealing a record sooner than the 18th birthday. Thus, this legislative history does not help the State.

To the contrary, legislative history demonstrates an intent to allow a court to seal the record of a deferred disposition before the individual is 18. The legislature first enacted RCW 13.50.260 in 2014.[19] At that time, the legislature also added RCW 13.40.127(10)(b), stating, "Nothing in this subsection shall preclude a juvenile from petitioning the court to have the records of his or her deferred dispositions sealed under [RCW 13.50.260].[20] This shows that the

---

[17] LAWS OF 2015, ch. 265, § 26(10)(a)(i).

[18] Former RCW 13.40.127(10)(a) (2009).

[19] LAWS OF 2014, ch. 175, § 4. Former RCW 13.50.260(2) (2014) originally read, "The court shall enter a written order immediately sealing the official juvenile court record upon the acquittal after a fact finding or upon dismissal of charges." It was amended to its current version in 2015. LAWS OF 2015, ch. 265, § 3(2).

[20] LAWS OF 2014, ch. 175, § 6(10)(b).

legislature intended RCW 13.50.260 to apply to deferred dispositions. Thus, the legislative history of these two statutes supports H.Z.-B.'s interpretation.

Finally, H.Z.-B.'s position promotes the stated purposes of the Juvenile Justice Act of 1977 (JJA).[21] The purposes of the JJA include holding offenders accountable and providing restitution for victims while providing rehabilitation and necessary treatment for juvenile offenders.[22] The JJA does not include convenience to the State among its stated purposes.[23] Thus, the stated purposes favor H.Z.-B.'s interpretation. A court will dismiss a deferred disposition only when the juvenile has paid restitution to the victim and completed the terms of supervision.[24] Thus, for the possibility of sealing to arise, the goals of restitution and accountability must have already been achieved. Refusing to seal the record does nothing to further these goals. Yet, waiting until a young offender is 18 to seal her record could have a significant damaging impact on her life. For example, a discoverable criminal record may hinder her when applying for colleges, jobs, or housing. Thus, the State's interpretation would frustrate the rehabilitative purposes of the JJA. Because denying a juvenile's request to seal

---

[21] Ch. 13.40 RCW.
[22] RCW 13.40.010(2)(c), (f), (g), (i); J.A., 105 Wn. App. at 886 ("Although the JJA seeks a balance between the poles of rehabilitation and retribution, the purposes of accountability and punishment are tempered by and at times must give way to the purposes of responding to the needs of the juvenile.").
[23] See RCW 13.40.010.
[24] RCW 13.40.127(9)(a).

her record serves no punitive or restorative purpose and frustrates rehabilitative objectives, our holding furthers the purposes of the JJA.

CONCLUSION

Because the statutes on record sealing and deferred dispositions unambiguously provide that a court shall seal a juvenile record when the case is dismissed with prejudice, the trial court properly sealed H.Z.-B.'s record. We affirm.

_Leach, J._

WE CONCUR:

_Spearman, J._

_Appelwick, J._