**FILED**
**DECEMBER 1, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37240-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| M.Y.G.,[1] | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Must a juvenile offender who receives a deferred felony disposition provide a deoxyribonucleic acid (DNA) sample?

RCW 43.43.754(1)(a) requires DNA to be collected from every adult or juvenile convicted of a felony. RCW 9.94A.030(9) defines "conviction" as including a finding of guilty. Because a trial court must enter a finding of guilty before ordering a deferred disposition, we answer yes to the above question.

---

[1] To protect the privacy interests of the minor, we use his initials throughout this opinion. General Order for the Court of Appeals, *In re Changes to Case Title*, (Aug. 22, 2018), effective Sept. 1, 2018.

No. 37240-5-III
*State v. M.Y.G.*

FACTS

The State charged M.Y.G., a minor, with two counts of theft of a motor vehicle.

Theft of a motor vehicle is a felony. RCW 9A.56.065(2). M.Y.G. moved for a deferred

disposition, but objected to submitting a DNA sample.

Judge Rachelle Anderson of the Spokane County Superior Court, Juvenile

Division, presided over M.Y.G.'s deferred disposition hearing. The court granted

M.Y.G.'s motion for a deferred disposition, but overruled his objection. In doing so, it

entered findings of guilty on both of M.Y.G.'s charged offenses, but deferred disposition

for nine months. In addition, it stayed, pending appeal, its requirement that M.Y.G.

provide a DNA sample. M.Y.G. timely appealed.

POSTAPPEAL PROCEDURE

M.Y.G. recently completed the terms of his deferred disposition. The State filed a

motion with this court to permit the trial court to enter an order of dismissal with

prejudice. The State also asked that we decide the issue presented even though the appeal

may be moot. M.Y.G. responded and agreed with the State.

An appellate court may decide an issue in a technically moot case if it concerns a

matter of continuing and substantial public interest and is capable of repetition yet easily

evades review. *Tacoma News, Inc. v. Cayce*, 172 Wn.2d 58, 64, 256 P.3d 1179 (2011).

2

Here, there is no decisional authority on the issue presented, yet it impacts most, if not all, felony disposition orders entered in juvenile courts across this state. The issue also easily evades review, due to the 12-month limitation on the term of juvenile disposition orders. *See* RCW 13.40.127(2).

By letter order, we granted the parties' request to allow the trial court to dismiss the case with prejudice. And even though this case is technically moot, we agreed to decide whether the trial court improperly required M.Y.G. to provide a DNA sample.[2]

## ANALYSIS

We first discuss how a deferred disposition works. A deferred disposition is a sentencing alternative that allows a juvenile offender to not contest the State's facts yet avoid significant consequences. When granting a deferred disposition, the court reviews a statement of uncontested facts and, if the facts are sufficient, finds the juvenile guilty but defers disposition pending satisfaction of court-ordered conditions. RCW 13.40.127. If the juvenile satisfies the conditions by the end of the supervision period, the conviction

---

[2] The State's motion also asked that we allow the trial court to retain jurisdiction to the extent necessary to effectuate relief, if any, granted on appeal. M.Y.G. seemingly agreed to this too, so our letter order reflects this agreement.

We are not privy to the discussion between the parties and the court when the order of dismissal with prejudice was entered. We grant the trial court discretion, based on whatever discussion or additional order was entered, to effectuate relief consistent with this decision.

is vacated and the case is dismissed with prejudice. *State v. D.P.G.*, 169 Wn. App. 396, 399, 280 P.3d 1139 (2012).

RCW 43.43.754(1) directs that DNA samples be collected from persons convicted of certain crimes. For instance, one provision provides: "A biological sample must be collected for purposes of DNA identification analysis from . . . [e]very adult or juvenile individual *convicted* of a felony." RCW 43.43.754(1)(a) (emphasis added). DNA collection from a juvenile convicted of a felony has been required since 1994. *See* LAWS OF 1994, ch. 271. DNA collection from an adult convicted of a felony has been required since 1990. *See* LAWS OF 1989, ch. 350.

We next determine whether a juvenile subject to a deferred disposition order has been "convicted" within the meaning of the quoted provision. The term "convicted" is not defined in chapter 43.43 RCW. But "conviction" is defined in the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW.

When the legislature uses a word in a statute, and subsequently uses the same word in a different statute, the word may be deemed to have been used in the same sense. *See Pub. Util. Dist. No. 1 of Okanogan County v. State*, 182 Wn.2d 519, 537-38, 342 P.3d 308 (2015). Here, the legislature defined "conviction" in the SRA and subsequently used "convicted" in RCW 43.43.754(1)(a). We, thus, use the SRA definition of "conviction."

The SRA defines "conviction" as "an adjudication of guilt pursuant to Title 10 or [chapter] 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9). A deferred disposition requires a court to make a finding of guilty or the juvenile to plead guilty. *See* RCW 13.40.127(4). Here, the trial court found M.Y.G. guilty of the two charged felony offenses. This constitutes a "conviction" within the meaning of RCW 9.94A.030(9). M.Y.G. was thus "convicted" when the trial court found him guilty and entered the deferred disposition order.

M.Y.G. argues the legislature's interest in preserving juvenile offenders' privacy is frustrated by requiring DNA collection even though successful completion of the deferred disposition order results in dismissal of the case. He argues DNA collection should occur only if the juvenile fails to comply with the order and deferment is revoked. We disagree.

Juveniles receive many protections not available to adult offenders. The Juvenile Justice Act of 1977, chapter 13.40 RCW, was intended to establish a system capable of responding to the needs of youthful offenders while holding them accountable for their offenses. *State v. S.J.C.*, 183 Wn.2d 408, 416, 352 P.3d 749 (2015). "The primary goal of the Washington state juvenile justice system is the rehabilitation and reintegration of former juvenile offenders." LAWS OF 2014, ch. 175, § 1. Those interests—rehabilitation and reintegration—outweigh the need for public availability of juvenile records. Those

interests also support the administrative sealing of deferred disposition proceedings if and when the offender completes all conditions.

We recognize the importance of protecting a juvenile's privacy. Juveniles understandably do not want their offenses widely known by their communities. But unlike juvenile court records, which would unduly harm juvenile offenders if made public, DNA databases are not public. Biological samples "shall be used solely for the purpose of providing DNA or other tests for identification analysis and prosecution of a criminal offense or for the identification of human remains or missing persons." Former RCW 43.43.754(7) (2019). We are not convinced the legislature intended to exempt juveniles with deferred felony dispositions from DNA collection, given that the DNA database is not public and is used solely for identification purposes.

M.Y.G. next contends that the structure of RCW 43.43.7541 suggests collection of DNA occurs at sentencing, but not before. That statute requires a DNA collection fee to be imposed at sentencing. Because fees fund the DNA collection program, he argues it would be an absurd result to require samples without a payment mechanism. We are similarly unconvinced by this argument.

The collection of DNA is an independent requirement imposed on convicted individuals. RCW 43.43.754(1)(a) mandates DNA collection from any adult or juvenile

No. 37240-5-III
*State v. M.Y.G.*

convicted of a felony. The conviction triggers the requirement. Conversely, a $100

collection fee is part of the offender's sentence. RCW 43.43.7541. The sentencing

triggers the fee. Juveniles who successfully complete deferred dispositions avoid legal

financial obligations, including a DNA collection fee. The DNA collection program is

funded by countless other offenders. It is not absurd that the legislature intended to

collect DNA at conviction and collect DNA fees at sentencing.

We conclude that deferred felony dispositions are "convictions" for purposes of

the DNA collection statute. The trial court did not err in requiring M.Y.G. to submit to

DNA collection.

Affirmed.

Lawrence-Berrey, J.

WE CONCUR:

Korsmo, A.C.J.

Fearing, J.

7